ROBERT M. FLEMING, Judge Pro Tem.
This suit was filed on August 20, 1971, alleging a tort against “Mercury-Ford-Comet Company of Lorain, Michigan” which occurred on August 22, 1970. Service of process was made upon the Secretary of State on August 23, 1971. Ultimately a copy of a petition was sent to a plant operated by the Ford Motor Company in Kansas City, Missouri, and in response to this the Ford Motor Company, a foreign corporation authorized to and doing business in Louisiana, who had appointed the C. T. Corporation System as its registered agent for service of process, filed a motion to quash the service which motion was granted on May 23, 1972. An Amended petition naming “Ford Motor Company of Lorain, Ohio” was filed June 7, 1972, corrected June 16, 1972, which was also served on the Secretary of State. “Ford Motor Company” filed an exception of prescription which was sustained. From that judgment the plaintiff has taken this appeal.
In this court the appellant contends that although the original defendant is non-existent the filing of the suit interrupted prescription as to all potential defendants citing R.S. 9:5801.
This issue was considered and determined by this court in the case of Jacobs v. Harmon, La.App., 197 So.2d 704 (1967), which is dispositive of this case. In the Jacobs case suit was filed shortly before the prescriptive period expired against “A. A. Harmon, doing business as Alto Trailer Sales.” The service was made upon Mr. Harmon six days after the prescriptive period had elapsed. It was determined that the business had been incorporated previously so the plaintiff amended his petition to join the proper party defendant, Alto Trailer Sales, Inc. This court found that the suit against the wrong first defendant did not interrupt prescription. This court said:
“* * * Imprimis, we note: (1) no solidary liability existed between Har- *316 raon the original defendant, and either of the other two defendants brought in by supplemental petition (there was no liability at all on the part of Harmon individually) ; (2) no fraud has been alleged or proved; and (3) the record is devoid of any evidence indicating the defendants, or any of them, misled or obstructed plaintiff in obtaining the true facts.”
In this case there is no indication of solidary liability between the original defendant and the new defendant; no fraud has been alleged or proved; not only is the record devoid of evidence indicating that the plaintiff was misled, it appears that in the motion to quash the defendant was clearly identified. The filing of the suit in no way conveys to the Ford Motor Company information that would cause prescription to be interrupted in view of the fact that service of citation was made after the period of prescription had accrued and even then Ford Motor Company had no notice until January 10, 1972, when the misdirected citation was sent to one of its plants in Missouri.
As was said in the Harmon case supra:
“Certainly, the filing of the suit, by itself, in actual fact conveys no such information to the named defendant; simply as a result of the filing he can have no such knowledge to impart to the proper defendant who has not been im-pleaded. The only legal manner by which the named defendant can receive notice and knowledge of the claim, and of the origin and basis of the suit thereon, is by service of citation and petition. Only after such service does he possess the knowledge which he can impart to the proper defendant.”
If the Ford Motor Company was ever properly served, which is not without question, it was service after the period of prescription barred the plaintiff’s remedy if any.
The judgment is affirmed. Costs of this proceeding are to borne by plaintiff-appellants.
Affirmed.
LEMMON, J., dissents with written reasons.