REDMANN, Judge.
In 1969 plaintiff sued to set aside his 1967 sale of immovable property to defendant *572 for fraud he could not prove. During the trial, however, evidence was introduced suggesting that the sale price was less than half the value of the property at the time. On an appeal in 1975, La.App., 308 So.2d 499, we noted the resultant possibility that the sale was rescindable for lesion beyond moiety, La.C.C. 2589, unless the purchaser elected to pay the difference in price, C.C. 2591, and we therefore set aside the judgment dismissing plaintiff’s suits and remanded, ¡while agreeing that the alleged fraudulent oral promise to resell was not provable. .
Upon remand and amendment of the petition to allege lesion, defendant excepted and the trial court dismissed on the ground that the action for relief from lesion had prescribed because not filed within four years of the sale, La.C.C.1876. We reverse.
La.C.C.P. art. 1153 governs.
When the action . . . asserted in the amended petition . . . arises out of the . . . transaction . attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.
 The effect of art. 1153 is that the amendment to allege lesion is treated as if filed on the 1969 date of the original petition, well within four years of the 1967 sale. The result is that the action for lesion is not prescribed.[1]
Reversed and remanded.
SAMUEL, J., dissenting with opinion.
BEER, J., dissenting with opinion.

. Plaintiff wrongly describes his later pleading as a “supplemental and amended petition,” prompting the questions whether it is a “supplemental” pleading, C.C.P. 1155, rather than an “amended” pleading, C.C.P. 1151, and whether C.C.P. 1153 makes an “amendment” but not a supplement relate back. We answer that, like the action described in art. 1153, the present action for lesion arises out of the transaction originally alleged and the pleading as-setting that action is an amended rather than a supplemental one. “Supplemental” petitions assert causes of action “which have become exigible since the date of filing the original petition . . . ”, C.C.P. 1155. See also Adema v. Elliott, La.App. 4 Cir. 1969, 223 So.2d 464; Wallace v. Hanover Ins. Co. of N. Y., La.App. 1 Cir. 1964, 164 So.2d 111, writ refused 246 La. 598, 165 So.2d 486.