448 So.2d 848 (1984)
Harvey LOWE, Jr., Plaintiff-Appellant,
v.
Joe Ollie RIVERS, et al., Defendants-Appellees.
No. 16115-CA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
*849 Simmons, Nelson & Dunn by Otha Curtis Nelson, Sr., Baton Rouge, for plaintiff-appellant.
Dawkins, Coyle & Carter by Michael S. Coyle, Ruston, for defendants-appellees.
Before PRICE and MARVIN, JJ., and ENOS C. McCLENDON, J. Pro Tempore.
PRICE, Judge.
This workmen's compensation suit reaches this court on an appeal from the trial court's sustaining of an exception of prescription by defendant, International Paper Wood Company, Inc.
International Paper was named as a defendant in plaintiff's second supplemental and amending petition filed more than one year after the date of plaintiff's alleged on-the-job accident. Plaintiff contends on appeal that the trial court erred in its holding that this amendment of the pleadings does not relate back to the date of the filing of the original petition.
Plaintiff filed his original petition for worker's compensation benefits against defendant Joe Ollie Rivers on January 25, 1982, alleging that he suffered a job-related injury on March 6, 1981. On March 22, 1982, he filed a first supplemental and amending petition naming Union Wood Company and an unknown compensation insurer as co-defendants of Rivers. An exception of prescription was filed by Union on April 23, 1982, which was taken under advisement after hearing on the matter on September 21, 1982, and ultimately decided adversely to plaintiff by the trial court.
Meanwhile on October 15, 1982, plaintiff filed a second supplemental and amending petition, once again naming Union as a defendant, naming its worker's compensation insurer as Georgia Casualty and Surety Company, and further naming International Paper Wood Company, Inc., as a fourth defendant. Plaintiff's claim against Union has already been resolved by this court in a separate appeal and is not before us at this time.
The plaintiff's allegation regarding International Paper's liability for worker's compensation is extremely vague. It states:

III.
That at all material times herein mentioned the work in which Joe Ollie Rivers and Union Wood Company, Inc. were engaged in was hazardous and particularly the work performed by plaintiff, within the contemplation of the state of Louisiana Workmen's Compensation Act under contract with International Paper Wood Co., Inc. doing business in the parish of Morehouse, city of Bastrop, Louisiana.
He prayed that all defendants named in his amending petition be held liable jointly and in solido.
International Paper responded to these allegations with an exception of prescription contending plaintiff's claim against it has prescribed since it was not named as a defendant in the proceedings until well over a year after the date of the alleged accident. The trial court took the matter under advisement after a hearing on the merits, and subsequently rendered judgment sustaining the defendant's exception of prescription and dismissing plaintiff's claim against International Paper.
*850 Plaintiff's action against defendant has clearly prescribed on its face under La.R.S. 23:1209 which provides in pertinent part:
In case of personal injury (including death resulting therefrom) all claims for payment shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have begun as provided in Parts III and IV of this Chapter.
Plaintiff's accident was alleged to have occurred on March 6, 1981. Suit was not brought against International Paper until October 15, 1982, more than a year after the date of accident. Thus plaintiff bears the burden of proving an interruption or suspension of the running of the time limitation.
Plaintiff contends the running of prescription was tolled by the filing of his original petition on January 25, 1982. He argues that International Paper is jointly and solidarily liable with the original defendant Joe Ollie Rivers and thus a necessary and indispensable party to the suit. He relies primarily on La.C.C.P. Art. 1153 and La.R.S. 9:5801, which was recently repealed because its substance is now contained in La.C.C. Art. 3462.
Former R.S. 9:5801 provided that commencement of a civil action in a court of competent jurisdiction and proper venue interrupts all prescriptions affecting the cause of action therein sued upon as to all defendants. Although plaintiff argues this provision is applicable even to those defendants who are not named as such until after the prescriptive period has expired, it is well settled that the reference to "all defendants" in this section implies only those defendants who are so named in the petition relied upon for the interruption of prescription. The statute has been so interpreted because the legal basis for the interruption of prescription is not simply the filing of suit, in and of itself; the only legal manner by which a defendant can receive notice and knowledge of a claim, and of the origin and basis of the suit thereon, is by service of citation and petition. It thus follows that, ordinarily, a defendant not named in the original petition cannot be served and therefore receives no notice and knowledge of the claim against him sufficient to interrupt prescription. See Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 285 So.2d 314 (La.App. 4th Cir.1973), affirmed 296 So.2d 271 (La.1974).[1] See also Schlumbrecht v. Executive Officers of Brown and Root, 371 So.2d 389 (La.App. 4th Cir.1979); Morgan v. Epps, 356 So.2d 1027 (La.App. 1st Cir.1977).
La.C.C.P. Art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment dates back to the date of filing of the original pleading.
It has long been accepted that the purpose of this article is to permit the amendment of pleadings despite technical prescriptive bars where the original pleading gives the parties notice of the general fact situation out of which the amended claim or defense arises. Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980). However, the article does not authorize the addition of a new defendant as a mere "amendment" relating back to the time of the original petition since such a defendant has not received a notice of the claim against him by virtue of the original petition. McClendon v. Security Insurance Company of Hartford, 340 So.2d 426 (La. 1976).
In Ray v. Alexandria Mall, supra, the Supreme Court established the following criteria for determining whether Article 1153 allows an amendment which changes *851 the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits.
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
In that case the plaintiff merely made a mistake as to the proper name of the defendant and service was ultimately made upon the proper party defendant. The court held that, where the above-quoted standards are met, an amending petition to correct a "misnomer" will relate back to the filing of the original petition, thus limiting the Majesty holding to cases in which a wholly new or unrelated defendant, with no knowledge of the original suit, was added. Under such circumstances, the filing of the original petition would not provide notice to the new defendant of the institution of the action.
It is clear the purpose of the amendment in the instant case was clearly not merely to correct a misnomer, but to add a wholly new defendant. The filing of the original petition against Joe Ollie Rivers provided no notice to International Paper of any claim against it by plaintiff. Under these circumstances, the amendment does not relate back to the date of filing the original petition to interrupt the prescription running in favor of defendant.
The critical question in this case is whether La.C.C. Art. 2097, providing that suit brought against one of the debtors in solido interrupts prescription with regard to all, is applicable to the factual situation before us. Under this article, if International Paper were the statutory employer of plaintiff as a result of the relationships between it, Union Wood, and plaintiff's immediate employer, and thus solidarily liable for worker's compensation benefits under La.R.S. 23:1061, then the earlier suit would be sufficient to interrupt the prescription of plaintiff's claim. See Welch v. Crown Zellerbach, 359 So.2d 154 (La.1978). Plaintiff's petition does not specifically allege that defendant was his statutory employer at the time of his accident. It does state that defendants Rivers and Union Wood were "under contract with" International Paper, and prays that all defendants be held jointly and solidarily liable. However, at the hearing on defendant's exception of prescription, there was absolutely no evidence introduced to show any relationship between this defendant and either of the other defendants or the plaintiff. It is axiomatic that the party claiming solidary liability between two or more parties bears the burden of proving it. See O'Brien v. Delta Gas Inc., 426 So.2d 262 (La.App. 4th Cir.1983), writ denied 433 So.2d 163 (La.1983).
Not one fact has been introduced into this record to show that the work being performed by the plaintiff was a part of the defendant's trade, business, or occupation under La.R.S. 23:1061, and that defendant was thus solidarily liable to plaintiff for worker's compensation benefits along with his immediate employer, although plaintiff was afforded every opportunity to introduce such proof.
Since the plaintiff has failed to show any basis for interruption of the prescription accruing in favor of defendant, we affirm the trial court's sustaining of the defendant's exception of prescription.
For the reasons assigned, the judgment appealed is affirmed. All costs of appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] We are aware, in citing Majesty, that its holding has recently been modified to a certain extent by the Supreme Court in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983); however, we feel that Majesty's rationale remains viable as far as application to the instant factual situation is concerned, and the Ray holding is reconcilable, as will be shown.