EDWARDS, Judge.
This suit arises from the burglary of Pennye Presley’s apartment located at One Perkins Place during which her jewelry was stolen. Perkins Place Court Partnership owned the complex where plaintiff lived. Other apartments were still being completed when the burglary occurred. The contractors were R.E.S. Builders Partnership, Inc., and Smith and Dupree Contractors, Inc. Once the apartments were finished, they were managed by Johnson Properties, Inc.
Plaintiff originally sued Johnson Properties, Inc., Perkins Place Court Partnership, and Ronald J. Smith, Ron Sanders, and Chuck Smith d/b/a One Perkins Place Condominiums. After deposing the three individual defendants, plaintiff discovered that they were not personally liable because of their partnership and corporate status. Accordingly, plaintiff dismissed her suit against the individuals and amended her complaint to name R.E.S. Builders Partnership, Inc., (R.E.S.) and Smith and Dupree Contractors, Inc., (S & DC) as additional defendants. After a trial on the merits, the court granted the motion for a directed verdict filed by Johnson Properties. It then rendered judgment in favor of plaintiff for $15,275.00 and against R.E.S. and S & DC. The trial cotut also denied the exception of prescription filed by R.E.S. and S & DC.
R.E.S., S & DC, and their insurer, Commercial Union Insurance Company, filed the instant devoluative appeal. They contend the trial court erred in denying their exception of prescription; in finding that the plaintiff proved by a preponderance of the evidence that defendants were negligent; and, in finding that the defendants’ negligence caused plaintiffs injury.
PRESCRIPTION
LSA-C.C. art. 3492 states that “Del-ictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.” Ms. Presley’s apartment was burglarized on May 20, 1983. She sued the original defendants on May *1097 15, 1984. On November 8, 1984, she dismissed the three individual defendants and fully reserved her rights against Johnson Properties, Inc. On December 7, 1984, she filed a supplemental and amending petition that naming R.E.S. and S & DC. Defendants contend that since they were not sued until well over a year after the theft of Ms. Presley’s property, the action against them had prescribed.
The general rule of one year prescription for delictual actions is qualified by LSA-C. C.P. art. 1153 which states “[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to the date of filing the original pleading.”
To determine whether article 1153 allows an amendment which changes the identity of the parties sued to relate back to the date the original petition was filed, the following criteria must be considered:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray v. Alexandria Mall, 434 So.2d 1083, 1086 (La.1983).
The plaintiffs amended claim clearly arose out of the same transaction or occurrence as her original petition. Plaintiff’s suit arose out of the theft of jewelry from her apartment at One Perkins Place. Her amended petition merely named partnership and corporate entities whose principals were originally sued as individuals.
The substitute defendants are comprised of the same individuals plaintiff originally named in her petition and these individuals all had notice of the pending litigation. R.E.S. and S & DC were charged with the supervision of the construction, maintenance, repair, and punch list items of the apartments located at One Perkins Place. R.E.S. consists of two partners: 99% — Ron Sanders and 1% — Ron Smith Builders, Inc. S & DC also consists of two partners: 50% — Ronald J. Smith and 50% — Chuck Du-pree. Both of the substitute defendants had offices located at One Perkins Place, the same property as plaintiff’s apartment, and the original defendants were deposed there. It is uncontroverted that the substitute defendants received, knew, and had notice of the pending litigation. It is further without doubt that these defendants who were substituted on December 8,1984, were not prejudiced in maintaining a defense as the trial did not begin until January 20, 1987.
R.E.S. and S & DC, the substitute defendants named in plaintiff’s amended petition, clearly knew or should have known that but for the plaintiff’s mistake in suing Ronald Smith, Ron Sanders, and Chuck Smith d/b/a One Perkins Place Condominiums, as individuals rather than in their partnership and corporate status, the action would have been brought against them. Plaintiff knew these individuals by name only and also only knew the name of her apartments. When through deposition she discovered their partnership and corporate status, she amended her petition to name these entities which consisted of the same individuals. The substitute defendants were clearly aware of the fact that but for a mistake concerning the identity of the proper party, the action would have originally been brought against them.
The substitute defendants were not wholly new or unrelated defendants. They were the same defendants previously named but in individual rather than in their partnership and corporate capacities. They were the same entities who constructed the *1098 apartments and had offices on the property, hired and supervised the maintenance workers, and were notified by the plaintiff when the theft occurred. The substitute defendants here were fully apprised of plaintiff’s claim from the date it occurred. Accordingly, the trial court properly overruled their exception of prescription. The amendments naming the substitute defendants relate back to the date of the original filing which was May 15, 1984.
Defendants also contend that plaintiff’s voluntary dismissal of the three individual defendants prevented her from adding the substitute defendants. Plaintiff filed a partial dismissal with the knowledge of the parties and with the understanding that her suit would be amended to name the proper partnership and corporate entities. In addition, plaintiff reserved her rights against Johnson Properties, Inc., against whom suit was still pending. Although a better course of action for plaintiff would have been to amend her petition naming the substitute defendants before she dismissed the original defendants, she is not prevented from adding substitute defendants because her suit was still pending. See Hebert v. Doctors Memorial Hosp., 486 So.2d 717, 721 (La.1986).
BURDEN OF PROOF
Defendants contend plaintiff failed to prove her case by a preponderance of the evidence. Where there is a reasonable factual basis for the trial court’s finding, a reviewing court will not disturb those findings in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
In the instant case, the burglary occurred between 11:30 a.m. and 2:00 p.m. There was no sign of forced entry. Plaintiff testified that the front door was locked when she returned home. On the date of the theft, defendants’ employees were performing maintenance , 'ork on plaintiffs apartment. These employees had access to her apartment by using a master key. The trial court found that the defendants were somewhat loose with their procedures in handling the master keys. Chuck Dupree testified that he had one master key and his employee, Joe Juge, had the other one. When the maintenance workers needed to get into an apartment to finish a job, the foreman, L.S. Patterson would get one of the master keys.
The day before the theft, L.S. Patterson, Frank Royal, and Teddy Friendship went upstairs in plaintiff’s apartment to tack down some carpet near the closet where she kept her jewelry. On the date of the robbery, as plaintiff was leaving her apartment she waved to the same three men. When she returned home at 2:00 p.m., her jewelry was gone.
All of defendants’ employees except Frank Royal and Teddy Friendship took and passed the polygraph test. Nine days after the theft, Frank Royal and Teddy Friendship quit working for defendant. There is ample evidence to substantiate the fact that it is more probable than not that one of the workers who had access to plaintiff’s apartment perpetrated the burglary and theft.*
In Carter v. City Parish Gov’t, 423 So.2d 1080, 1085 (La.1982), the court stated that when a plaintiff uses circumstantial evidence to prove causation, taken as a whole the evidence must exclude other reasonable hypotheses with a fair amount of certainly. However, it is not required to negate all other possible causes. Id. Defendants called no witnesses and put on no evidence to suggest that the burglar(s) entered plaintiffs apartment by any way other than by use of a master key. Detective McDaniel testified that there was no sign of a forced entry. Defendants alleged that plaintiffs lock may have been picked, but *1099 there was no evidence of this remote possibility. The theft occurred during the middle of the day while defendants’ employees were working. Based on all of the evidence in the record, the trial court’s factual determination that the theft was perpetrated by defendants’ employees is not manifestly erroneous. Costs to be borne by appellant.
AFFIRMED.

 The court could have also reached the same conclusion based on the vicarious liability of the defendants under LSA-C.C. art. 2320. The risk of harm encountered by plaintiff was well within the duty attributable to defendants’ business in that these workers had access by way of a pass key into all of the apartments located at One Perkins Place. Defendants had a duty to protect plaintiff from an unauthorized entry by their employees using a master key. In the instant case, a theft could reasonably be foreseen as being a consequence of allowing maintenance workers free access into apartments which were occupied by tenants.