PLOTKIN, Judge.
In the most recent case to address this issue, Comeaux v. Poindexter, 527 So.2d 1184 (La.App.3d Cir.1988), the court held that a husband’s loss of consortium claim related back to the filing of the original petition under the exact factual circumstances as those in the instant case. Like Mr. Dennies, Mr. Comeaux filed an original petition on behalf of himself and his wife and daughter injured in an automobile accident within the one-year prescriptive period, then filed an amended and supplemental petition claiming loss of consortium three years after the accident. In the original petitions, both husbands sought only property damage in their individual capacities.
The issue in this case is governed by La.C.C.P. art. 1153, which provides as follows:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.
In Giroir v. South La. Medical Ctr., 475 So.2d 1040 (La.1985), the Louisiana Supreme Court established the following four-part test to determine whether a post-prescription amended petition adding *856 or substituting a party will relate back to the timely-filed original petition:
(1) The amended claim arises out of the same conduct, transaction or occurrence set forth in the original pleading;
(2) The defendant either knew or should have known of the existence and involvement of the new plaintiff;
(3) The new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;
(4) The defendant will not be prejudiced in preparing and conducting his defense.
Id. at 1044.
In the instant case, no new plaintiffs were added. However, the amended and supplemental petition does meet the test established by Giroir, supra. The amended petition arises out of the same conduct, transaction or occurrence set forth in the original petition. Certainly the defendant knew of the existence of Mr. Dennies, since he was an original plaintiff. Additionally, he is not a wholly new or unrelated party. Finally, the defendants will not be prejudiced in preparing and conducting their defense since the original petition put the defendants on notice of a possible loss of consortium claim. The record reflects that the defense asked Mr. Dennies questions concerning his wife’s disabilities and how those disabilities had changed their relationship when they took his deposition prior to the filing of the amended and supplemental petition.
The defendants argue that the amended and supplemental petition cannot properly be considered to relate back to the filing of the original petition because loss of consortium is a different cause of action than the personal injury and property damage claims set out in the original petition. Assuming arguendo that this is true, that fact does not dictate that the amended and supplemental petition be barred by prescription. The Louisiana Supreme Court has held that La.C.C.P. art. 1153 does not bar an amendment stating a new cause of action if, as here, the original pleading gave fair notice of the general fact situation from which the amended claim arose. Gunter v. Plauche, 439 So.2d 437 (La.1983). This circuit has also allowed an amendment to relate back and defeat prescription, even when the causes of action are different, when the parties and the relief prayed for were the same. See Warriner v. Russo, 376 So.2d 571 (La.App.4th Cir.1979), writ denied 380 So.2d 71 (La.1980).
The trial court’s denial of the exception of no cause of action was correct. The writ is denied.
WILLIAMS, J., dissents with reasons.