580 So.2d 1093 (1991)
Willie BROWN
v.
The CITY OF NEW ORLEANS.
No. 90-CA-0675.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*1094 Pierce & Bizal, Gary W. Bizal, New Orleans, for appellant.
Okla Jones, II, City Atty., William D. Aaron, Jr., Chief Deputy City Atty., Marie A. Bookman, Deputy City Atty., Val K. Scheurich, III, Deputy City Atty., New Orleans, for appellee.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
WILLIAMS, Judge.
Plaintiff, Gay '90's Carriages, Inc., appeals from a judgment maintaining a peremptory exception raising the objection of prescription. In rendering its judgment, the trial court found that an amended petition adding Gay '90's Carriages, Inc. as a new plaintiff and seeking property damages, where the original petition sought only personal damages, did not relate back to the filing of the original petition so as to defeat defendant's exception. We find that the trial court did not err in maintaining the exception and affirm.
Plaintiff Willie Brown filed suit on July 16, 1987 to recover damages for personal injuries suffered when a flagpole allegedly maintained by the City of New Orleans Parkway and Parks Commission fell onto a horsedrawn carriage in which he was sitting on July 16, 1986. Named defendants were the City of New Orleans, its political subdivision, the City of New Orleans Parkway and Parks Commission, and the State of Louisiana. The City answered the petition March 7, 1988. On June 29, 1988 the plaintiff filed a supplemental and amended petition asserting a cause of action in strict liability. The State answered September 29, 1988. The City answered the supplemental and amended petition October 20, 1988. On January 19, 1989, the plaintiff filed a second supplemental and amending petition seeking to add Gay '90's Carriages, Inc., the original plaintiff's employer, as a plaintiff. Gay '90's Carriages, Inc. owned the carriage and sought recovery for property damages. The State answered the second supplemental and amended petition February 21, 1989. Willie Brown moved to dismiss the State without prejudice and the motion was granted October 20, 1989. The City of New Orleans filed a peremptory exception on October 23, 1989 stating that Gay '90's Carriages, Inc.'s claims had prescribed. Gay '90's Carriages, Inc. opposed the exception arguing the amendment related back to the date of the original petition, citing L.S.A.-C.C.P. art. 1153. The trial judge maintained the exception on February 2, 1990.
L.S.A.-C.C.P. art. 1153 provides that "When the action or defense asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original petition." In an exhaustive commentary, Justice Albert Tate of the Louisiana Supreme Court reviewed the history and application of the article. Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211 (1969). He explained that the redactors of the Louisiana Code of Civil Procedure of 1960 tracked the broad amendment provisions of Rule 15 of the Federal Rules of Civil Procedure. The official revision comments to the articles enjoin judges to exercise discretion liberally "so that (provided the subject matter of the amendment is based upon or relates to the general fact situation originally pleaded) the amendment relates back even if a new and independent cause of action is pleaded, or the amendment entirely changes the theory of the action, or adds another claim arising out of the same occurrence, or increases the amount of damages claimed or changes the capacity of the parties or adds or drops them." Id. at 231.
Like its federal counterpart, the article is designed to permit amendment despite a technical prescriptive bar to the matters alleged by the amendmentprovided that the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises. The article deliberately adopts no test of identity of cause or legal theory between the original and amending petitions; the amendment's thrust need only be based upon or factually relate to *1095 ("arise out of") the "conduct, transaction, or occurrence" originally alleged. If the original timely pleading gives actual notice to a party that a formal claim or defense is being made based upon a particular factual situation, no essential protective purpose of a prescriptive statute is violated by permitting relation back of a postprescription amendment based on the same factual situation. Through the original pleading the opponent knows that judicial relief is sought arising from the general factual situation alleged, and he is put on notice that his evidence concerning it should be collected and preserved. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period. Id. at 233.
Tate specifically noted that Louisiana jurisprudence has permitted a plaintiff to amend after the prescriptive year in order to claim property damages, although the original suit claimed only personal injuries; and he urged against the application of an overly technical refusal to allow amendment to add proper parties plaintiff after the prescriptive year.
After Tate's comments, the Louisiana Supreme Court in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), established the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed. Id. at 1087.
Alexandria Mall involved the addition of a new defendant as a party. The Louisiana Supreme Court applied the Alexandria Mall requirements in a case adding children as new plaintiffs in wrongful death and survival actions based on the death of their mother after prescription had run and found that the amended petition related back to the date of the filing of their father's timely original action. Giroir v. South La. Medical Center Division of Hospitals, 475 So.2d 1040 (La.1985). Relying heavily on Tate's reasoning, the Court held the claims were not presribed because the defendants either knew or should heve known of the children's existence based on the facts in the petition. The children were not wholly new or unrelated to the father, and the addition of their claims did not change the basic underlying claim. There was no prejudice to the defendants in preparing and conducting their defense since the added actions arose out of the same conduct alleged in the original petition and the amendment was made ten days after the original petition had been filed.
Other cases have addressed the issue of whether an amendment adding a new plaintiff should relate back to the filing of the original petition. Several cases have addressed the addition of a wife or child who seek damages for loss of consortium. The cases have not set out a clear policy. The Third Circuit held that where the husband timely filed suit for his own injuries, and his wife then added her own claim for loss of consortium twenty-two months after the accident, the wife's claims had prescribed under Giroir. Poirier v. Browning Ferris Industries, 517 So.2d 998 (La.App. 3rd Cir. 1987), writ den. 519 So.2d 105 (La.1987).
*1096 The court noted the defendants had no records which indicated the husband's marital status, and the wife's cause of action was separate from that of her husband. However, in a case relied on heavily by appellant, where the husband sued for his personal injuries, including a claim for "miscellaneous losses, connected with his family life, past, present and future," the Fifth Circuit held that the wife's claim for loss of consortium, filed over a year after the accident, related back under the Giroir criteria. Raziano v. Lincoln Property Co., 520 So.2d 1213 (La.App. 5th Cir.1988). The court reasoned that since the husband alleged losses to his "family life," the defendants either knew or should have known that there was a wife. The wife's claim arose out of the same occurrence pleaded in the husband's petition and there was a sufficient relationship between them so that the wife's claim was not wholly new or unrelated.
But the same court reached a contrary conclusion where the mother sued on behalf of her minor son for damages resulting from a sexual assault. Wood on behalf of Hayes v. Hayes, 524 So.2d 241 (La.App. 5th Cir.1988). Over a year after the assault and six months after suit had been filed, the mother filed an intervention seeking damages for herself for loss of consortium. The intervention was dismissed on an exception of prescription. The mother then moved for leave of court to file an amending petition to assert her claim for loss of consortium. The trial court denied her motion. The Fifth Circuit affirmed and found that under Giroir the mother's claim for loss of consortium did not relate back even though the defendants knew of her existence since she filed the original petition in her son's behalf. The claim for loss of consortium was wholly new and unrelated to the son's claim for damages, and the addition of her claim would have changed the basic underlying claim of the original demand. Raziano was not mentioned in the opinion.
The Third Circuit has cited Raziano as support in a case where it ruled an amendment adding a father's claim for loss of consortium related back. Comeaux v. Poindexter, 527 So.2d 1184 (La.App. 3rd Cir. 1988). The wife and minor daughter were injured in an automobile accident. The father sued on his daughter's behalf, and his wife sought recovery for her own injuries. The parties in the original action were identical as was the occurrence that gave rise to the claims.
In Louviere v. Hartford Ins. Co., 531 So.2d 299 (La.App. 3rd Cir.1988), the plaintiffs, husband and wife, were injured in an automobile accident and filed suit for their personal injuries. The wife settled her injury claim but afterwards added a claim for loss of consortium when her husband filed a supplemental and amending petition to add several new defendants. The Third Circuit held that the loss of consortium amendment did not relate back to the newly added defendants, but did relate back to the original defendants under Giroir. The original defendants knew of the wife's existence, and they could not claim to have been surprised by her claim. The original defendants were in a position to prepare a defense to her claims, but the newly-added defendants were prejudiced by the addition of the wife's stale claim.
In Paddock v. Dennies, 532 So.2d 855 (La.App. 4th Cir.1988), the factual situation was the same as that in Comeaux, and the same result was reached. In finding that the husband's claim for loss of consortium related back, this court noted that no new plaintiffs were added and the amended petition arose out of the same occurrence set forth in the original petition. This court also stated:
The defendants argue that the amended and supplemental petition cannot properly be considered to relate back to the filing of the original petition because loss of consortium is a different cause of action than the personal injury and property damage claims set out in the original petition. Assuming arguendo that this is true, that fact does not dictate that the amended and supplemental petition be barred by prescription. The Louisiana Supreme Court has held that La.C. C.P. art. 1153 does not bar an amendment stating a new cause of action if, as *1097 here, the original pleading gave fair notice of the general fact situation from which the amended claim arose. Gunter v. Plauche, 439 So.2d 437 (La.1983). This circuit has also allowed an amendment to relate back and defeat prescription, even when the causes of action are different, when the parties and the relief prayed for were the same. See Warner v. Russo, 376 So.2d 571 (La.App. 4th Cir.1979), writ denied 380 So.2d 71 (La. 1980).

Id. 532 So.2d at 856.
The Louisiana Supreme Court recently found that an amended petition related back to the original petition in a case where a bicyclist first named the City of Baton Rouge as defendant in an action to recover damages for injuries sustained when he struck a "pot hole" in a public park. Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990). When the City filed a motion for summary judgment on the basis that the Recreation and Park Commission for the Parish of East Baton Rouge (BREC) was the actual owner and operator of the park, the plaintiff amended his petition to name BREC. The Supreme Court based its opinion on the finding that the City and BREC were such closely related entities that their relationship was much the same as that between a parent corporation and a subsidiary. Although the two were separate legal entities, notice of the institution of the action was such notice that the added party was not prejudiced in maintaining a defense on the merits.
In this case, the amended claim arises out of the same conduct, transaction or occurrence set forth in the original pleading: both the claim for personal injury by Brown and the claim for property damage by Gay 90's Carriages, Inc. arise out of the alleged negligence of the City in the same accident. However, there is absolutely no evidence the defendant either knew or should have known of the existence and involvement of the new plaintiff. There is no evidence the defendant knew the carriage was owned by a party other than the original plaintiff and no evidence the defendant knew the carriage was damaged such that its owner would have a claim for property damages. Brown's petition did not state that he was working as a carriage driver or was employed by Gay 90's Carriages, Inc. The only relationship between the plaintiffs is that of employer-employee. We find that relationship is insufficient for the amendment to relate back as the new plaintiff is wholly new and unrelated to the original plaintiff and as the substitute plaintiff is attempting to assert a new cause of action. In addition, since the defendant had no notice of the owner's claim for property damage until long after the carriage was allegedly damaged (and perhaps repaired) there is a substantial likelihood the defendant will be prejudiced in maintaining a defense on the merits. Findley, supra, is easily distinguished in that the amended petition in this case adds a plaintiff rather than a defendant and a property claim where only a personal injury claim was first asserted. More importantly, the two plaintiffs in this case do not share the relationship of being closely related governmental entities.
We are cognizant that L.S.A.-C. C.P. art. 1153 is to be applied liberally and without restriction by overly technical rules and that prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished by it. State ex rel Guste v. Simoni, Heck and Associates, 331 So.2d 478 (La.1976); Gulf Oil Corp. v. State Mineral Board, on reh'g, 317 So.2d 576 (La.1975); Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972). Nevertheless, we find the trial court did not err in maintaining the exception. This case does not meet the criteria of Giroir, supra.
AFFIRMED.
PLOTKIN, J., dissents with reasons.
PLOTKIN, Judge, dissents:
The majority's well written opinion does not, I believe, correctly interpret the recent Louisiana Supreme Court decision, Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990), which controls.
In Findley, the Supreme Court held that when there is a "very close relationship" *1098 between two governmental entities, and an absence of prejudice to the opposing party, the amending petition relates back to interrupt prescription against the opposing party. The institution of a suit against one entity provides notice that the other entity will not be prejudiced in maintaining its defense on the merits.
In this case, the amended petition added the owner of the carriage for a property damage claim which arose out of the same incident. The original petition claimed personal injuries for the carriage operator. Here both plaintiffs have a "very close relationship," that of employer-employee (which is similar to that between parent and child, subsidiary corporations, or two governmental entities). Furthermore, there is an "ease of association" between employer and employee such that an alleged tortfeasor would expect and anticipate that a property damage claim would arise in conjunction with a personal injury claim.
Finally, the defendant has not alleged or demonstrated any prejudice as a result of the amendment. The original claim was filed within one year of the accident. The defendant has not been prevented from completing discovery as to the accident, and thus has not suffered prejudice.
Thus, I believe that all the criteria set forth in Findley have been met in this case.