600 So.2d 121 (1992)
Marc MONTMINY, as Administrator of His Minor Child, Kevin Montminy, Plaintiff-Appellant,
v.
Diane JOBE, Defendant-Appellee.
No. 23474-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
*122 Norman R. Gordon & Associates by James D. Caldwell, Shreveport, for plaintiff-appellant Marc Montminy.
Mayer, Smith & Roberts by Richard G. Barham, Shreveport, for defendant-appellee Bossier Novelty Co. and Faye McCrocklin.
Lunn, Irion, Johnson, Salley & Carlisle by Theodore J. Casten, Shreveport, for defendant-appellee Faye McCrocklin.
Stephen Russell Burke, Minden, for defendant-appellee Diane Jobe.
Sherry Ebarb Hammons, in pro. per.
Before LINDSAY, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
In this action ex delicto based on injuries to his minor child, plaintiff appeals a judgment sustaining an exception of prescription leveled at an untimely substitution of defendants. We reverse.

FACTS
On April 5, 1989, while he and another youngster engaged in unsupervised play with a hydraulic lift on a truck, plaintiff's three-year-old son sustained injury to a finger, apparently resulting in amputation of the digit. Bossier Novelty Co., Inc. ("Bossier Novelty") owned the vehicle; however, the accident occurred at the residence of Faye McCrocklin ("Faye"), an employee and corporate officer of that concern. On the date of the mishap, she had routinely driven the truck home from work.
Plaintiff, as administrator of his child's estate, instituted suit on August 28, 1989, naming a Diane Jobe as the sole defendant and mistakenly alleging her to own the truck. Ms. Jobe, the daughter of Faye and also an employee at Bossier Novelty, lived directly across the street from her mother; the parents of the injured child resided *123 adjacent to Faye. Shortly after service of the petition, Ms. Jobe sought the advice of her mother and Bossier Novelty's sole shareholder and president, Archie Collins.
Upon the recommendation of Collins, Ms. Jobe contacted the attorney that normally represented Bossier Novelty. An exception of nonjoinder of necessary parties, viz., the second youngster's parents, quickly followed but thereafter languished. Then, twelve days before the prescription date, Ms. Jobe responded to the suit by generally denying plaintiff's allegations; by further stating that, despite "interviewing many persons in the neighborhood," she had been unable to determine that such an accident occurred; and by asserting third party demands against the mother of the non-injured child.
Subsequently, by an amendment filed on October 29, 1990, plaintiff sought to name Bossier Novelty and Faye as defendants. Of course, they both excepted, maintaining plaintiff's demands to be barred by the one-year prescription of LSA-C.C. Art. 3492.
After considering, under LSA-C.C.P. Art. 1153, whether the amendment related back to the filing date of the original petition, the district court sustained the exception of prescription and dismissed the demands against Bossier Novelty and Faye. Later, on joint motion, the court dismissed Ms. Jobe as a defendant. This appeal, concerning only the prescription issue, ensued.

DISCUSSION
Under certain circumstances, LSA-C.C.P. Art. 1153 permits an amendment to relate back to the filing of the original petition.[1] In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the Supreme Court formulated four prerequisites for allowing changes in the identity of the party defendant to do so:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
See also Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990); Moon v. Shreveport Associates, 571 So.2d 799 (La.App. 2d Cir.1990), writ not considered, 576 So.2d 23 (La.1991).[2]
Prescriptive statutes, under our jurisprudence, are strictly construed in favor of maintaining rather than barring actions. Taylor v. Liberty Mutual Ins. Co., 579 So.2d 443 (La.1991); Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972). Consistent with that precept, LSA-C.C.P. Art. 1153 should be applied liberally and without undue restriction by technical rules. Masson v. Champion Ins. Co., 591 So.2d 399 (La. App. 4th Cir.1991). Cf. Brown v. City of New Orleans, 580 So.2d 1093 (La.App. 4th Cir.1991); Spencer-Wallington v. Service Merchandise, Inc., 562 So.2d 1060 (La.App. 1st Cir.1990), writ denied, 567 So.2d 109 (La.1990), both recognizing such an approach, but sustaining exceptions to the post-prescription addition of plaintiffs. Also, for further discussion of the relation back of amendments which substitute or add plaintiffs, see Giroir v. South La. Medical Center, 475 So.2d 1040 (La.1985).
*124 In deciding whether the substitution of a defendant relates back, the most frequently discussed factor is probably that of previous notice of the proceedings. Moon, supra. The present appeal, however, does not turn upon that aspect. Indeed, in brief and at oral argument, appellees admit that the first three Ray factors have been satisfied here. Instead, the question before us concerns only the fourth criterion of that test, that is, whether the two substituted defendants are wholly new and unrelated parties, upon examining their relationship with the original defendant.
In Moon, supra, we found two defendants wholly new and unrelated when, after initially filing suit against Shreveport Associates as owner of the property where an injury occurred, plaintiffs belatedly substituted Shreveport Associates Limited Partnership as the party defendant. Each of these two partnerships clearly maintained a different principal location and separate agent for service of process. Furthermore, although knowing the identity of the correct defendant, plaintiff's attorney acted upon erroneous service information in initiating the proceeding.
Likewise, in Lowe v. Rivers, 448 So.2d 848 (La.App. 2d Cir.1984), this court determined International Paper Wood Company, Inc. to be a wholly new defendant, in a worker's compensation suit, where plaintiff sought to add that entity more than one year after the job-related injury.
Conversely, in both Abercrombie v. Pierret Realty & Const., 532 So.2d 212 (La. App. 3d Cir.1988), and Presley v. Smith, 527 So.2d 1095 (La.App. 1st Cir.1988), obvious connexity existed between original and substituted or added defendants, thus allowing the challenged amendments to relate back under LSA-C.C.P. Art. 1153. The Abercrombies first brought their action against a construction company and later successfully added the owner of that entity and his wife as defendants. Ms. Presley substituted a partnership and corporation, after originally suing the principals of those concerns as individuals.
In Findley, supra, the plaintiff sustained injuries in a public park and filed suit against the City of Baton Rouge. Upon discovering the Park Commission for the Parish of East Baton Rouge (BREC) owned the property, he amended to name the proper defendant. The Supreme Court, in addition to discussing the close relationship between the two separate governmental entities and the absence of prejudice, determined that the park owner could not posture itself as a wholly new and unrelated party.
As previously mentioned, in the case sub judice, the sole issue concerns whether Bossier Novelty and Faye are, in the language of the fourth Ray criterion, "wholly new and unrelated" defendants. In addressing that question for Art. 1153 purposes, we would encounter great difficulty in terming Ms. Jobe sufficiently related to the two substitute defendants, if we considered only her employment at Bossier Novelty and her familial relationship to Faye. See Moon, supra; Lowe, supra. Cf. also Brown, supra, finding an employer-employee relationship insufficient for adding a new plaintiff. Furthermore, Ms. Jobe's connection to the accident simply consists of coming to the scene soon after the injury and, in her mother's absence, providing information to the police officials.[3]
Upon institution of suit, however, the picture began to change. Ms. Jobe not only employed the Bossier Novelty attorney, but her subsequent pleadings did not appear designed to conclude her involvement in the litigation, directly and expeditiously. For example, rather than requesting summary judgment, she filed a dilatory exception of nonjoinder. Finally, almost seven months later and only shortly before the prescription date, she answered by denying any knowledge of the accident, even though her own testimony indicates she arrived on the scene immediately after the *125 incident transpired. Curiously, she also took the position of a third party plaintiff, a maneuver continuing to imply her status as a proper defendant. Later, Ms. Jobe's attorney represented the other two defendants, filing their exceptions and serving as co-counsel even at trial of the pleaded objections.
Save for these peculiar developments, we would likely reach a different conclusion with regard to the present issue. However, with the same attorney representing both the original and substituted defendants, and considering the tardiness with which Ms. Jobe clarified her position, we fail now to view the exceptors as wholly new and unrelated parties. Taken as a whole, their previous indirect involvement substantially exceeds the factual circumstances before us in Moon, supra, and Lowe, supra. Thus, given the liberality that LSA-C.C.P. Art. 1153 should be accorded, we find the fourth Ray criterion satisfied.[4] Accordingly, the district court erred in sustaining the exception of prescription.

CONCLUSION
The judgment of the district court is, at defendants' cost, reversed, and the case is remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.C.P. Art. 1153 provides:

When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
[2] See generally W. Forrester, Jr., Civil Procedure, 48 La.L.Rev. 233, 235-240 (1987); 54 C.J.S. Limitations of Actions § 232 (1987).
[3] Ms. Jobe also testified that, before the filing of suit, she telephoned the office of plaintiff's counsel and indicated she did not own the truck in question. Other evidence suggests that registered ownership of the vehicle, which continued to be frequently parked at Faye's residence, readily could have been determined.
[4] In that LSA-C.C.P. Art. 1153 is based upon Fed.R.Civ.P. 15(c), federal jurisprudence is helpful and persuasive in interpreting our procedural provision. Findley, supra; Ray, supra. Subsequent to the Ray decision, the United States Supreme Court has, in Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), held that relation back per 15(c) depends upon four factors being satisfied: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period." Clearly, if we applied that test here, an identical conclusion would result.