624 So.2d 44 (1993)
Emma NEWTON, Individually and as Administratrix of the Estate of her Minor Child, Bolivia R. Newton, Plaintiff-Respondent,
v.
OUACHITA PARISH SCHOOL BOARD, Defendant-Applicant.
No. 25391-CW.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
Bruscato & Loomis by J. Antonio Tramontana, Monroe, for plaintiff-respondent.
*45 Dollar, Price, Noah & Laird by Todd G. Newman, Monroe, for defendant-applicant.
Before SEXTON, VICTORY and WILLIAMS, JJ.
VICTORY, Judge.
In this supervisory writ, defendant, Monroe City School Board (MCSB) seeks review of a judgment overruling its peremptory exception of prescription. We reverse.

FACTUAL BACKGROUND
On September 12, 1991, Bolivia Newton, a 14-year-old student at Carroll Junior High School in Monroe, was allegedly attacked and beaten on the school grounds by several older female students. Plaintiff, individually and as administratrix of her minor child, instituted suit on Monday, September 14, 1992, for personal injury damages naming the Ouachita Parish School Board (OPSB) as defendant. In her petition, plaintiff mistakenly alleged that Carroll Junior High School was supervised and controlled by OPSB. Following service, plaintiff learned from general counsel for OPSB, also counsel for MCSB's liability insurance carrier, that the school was instead under the control and supervision of MCSB.
Subsequently, by amendment filed on September 16, 1992, plaintiff named MCSB as a defendant. MCSB excepted, maintaining plaintiffs demands were barred by the one-year prescriptive period of LSA-C.C. Art. 3492, as the amendment correcting the defendant did not relate back to the filing of the original petition pursuant to LSA-C.C.P. Art. 1153. OPSB was dismissed as a defendant by plaintiff on October 21, 1992.
On March 5, 1993, the trial court overruled MCSB's exception of prescription without assigning written reasons. This supervisory writ followed.

DISCUSSION
LSA-C.C.P. Art. 1153 permits an amendment to relate back to the filing of the original petition when:
the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....
In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the Supreme Court established the following criteria for determining whether Art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
See also Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990); Montminy v. Jobe, 600 So.2d 121 (La.App. 2d Cir.1992), writ denied, 604 So.2d 1003 (La.1992). In Ray, supra, the plaintiff merely made a mistake as to the proper name of the defendant. Where the Ray standards are met, an amending petition to correct a "misnomer" will relate back to the filing of the original petition. Lowe v. Rivers, 448 So.2d 848 (La.App. 2d Cir.1984).
Pretermitting a discussion of whether the first three prongs of Ray could be met in this case, it is clear that the purpose of the plaintiffs amendment was not merely to correct a misnomer, but to name a wholly new defendant. MCSB and OPSB exercise control over different schools, have their own superintendents and board members who are elected by constituencies within the community, have their own agents for service of process, maintain separate offices and maintain *46 exclusive control over the operations of schools within their respective jurisdictions.
We distinguish our earlier decision in Montminy, supra. In that case, Montminy first brought his action against Jobe, mistakenly alleging that she was the owner of the truck on which his child was injured. He later attempted to add the true owner of the truck, Jobe's employer, and Faye McCrocklin, the mother of Jobe and a corporate officer of the employer. We found connexity between the original and substituted defendants, not on the basis of the familial and employment relationships, but based on the actions of the parties.
When first sued, Jobe hired her employer's attorney and subsequently filed pleadings which did not appear designed to conclude her involvement in the litigation expeditiously. Rather, she waited until shortly before the prescription date to answer and deny any knowledge of the accident, a fact later contradicted by her own testimony. In addition, Jobe's attorney represented the other two defendants, filing their exceptions and serving as co-counsel even at trial of the pleaded exceptions. Under these circumstances, we refused to view the exceptors as wholly new and unrelated parties. Montminy at 125.
In the case sub judice, OPSB's general counsel also represents the liability carrier of MCSB; however, this does not automatically create a relationship between the two which satisfies the fourth Ray criterion. There is no indication here that MCSB's attorneys misled Newton as to which entity was the proper defendant and promptly told plaintiffs attorney of the error. Given this, and the aforementioned distinctions, we do not find a connexity between MCSB and OPSB. Thus, the amendment does not relate back to the date of filing the original petition to interrupt the prescription running in favor of MCSB. Lowe, supra; Moon v. Shreveport Associates, 571 So.2d 799 (La.App. 2d Cir. 1990), writ denied, 576 So.2d 23 (La.1991). Accordingly, we reverse the judgment of the trial court overruling the peremptory exception of prescription.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed, the exception of prescription filed by MCSB is sustained, and this lawsuit is dismissed. All costs in this court and the trial court are to be borne by Emma Newton.
REVERSED; DISMISSAL ENTERED.