IzREMY CHIASSON, Judge Pro Tem.
The question presented by this appeal is whether an amended petition adding two plaintiffs relates back to the date of the filing of the original petition.
FACTS
This suit arises from an automobile accident which took place on May 17,1994. The original petition was filed on August 17,1994, by plaintiffs, Shun Beardon, Joseph Watson, and Jeffery Washington, against Patty Parsons and her insurer, State Farm Mutual Automobile Insurance Company (State Farm). On November 30, 1994, defendant, State Faim, filed an answer to the claims of Mr. Beardon and Mr. Watson, and a dilatory exception of lack of procedural capacity as to the claims of Jeffery Washington, who was a minor at the time suit was filed. Prior to the hearing on the exception, Jeffery Washington voluntarily moved for a dismissal of his claims, without prejudice, which motion the court granted on December 14, 1994. Ms. Parsons filed an answer to the suit on December 15,1994.
On March 13, 1996, plaintiffs filed a supplemental and amending petition adding Jeffery Washington and Joe Shropshire as additional plaintiffs. Mr. Washington reasserted his original claims and Mr. Shropshire, the owner of the vehicle which Mr. Beardon was driving, asserted a cause of action for property damage.
On April 8, 1996, defendants filed an exception of prescription as to the claims of Mr. Washington and Mr. Shropshire. After a hearing on the exception, the trial court granted the exception and dismissed the claims of Mr. Washington and Mr. Shropshire.
Mr. Washington and Mr. -Shropshire appeal the judgment, contending that the trial court erred in finding that the amendment adding them as plaintiffs did not relate back *1026 to the-original petition pursuant to LSA-C.C.P. art. 1153.
LSA-C.C.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In Giroir v. South Louisiana Medical Center Division of Hospitals, 475 So.2d 1040 (La.1985), the Louisiana Supreme Court established a four part test for determining whether an amended petition adding a new plaintiff relates back under LSA-C.C.P. art. 1153. The Giroir court stated:
13[A]n amendment adding or substituting a plaintiff, should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
475 So.2d at 1044.
Our review of the record in this matter shows that no testimony or documentary evidence was presented, nor did the parties stipulate any facts. It appears that during the hearing on the exception of prescription, plaintiffs counsel attempted to present evidence of defendants’ knowledge of the existence of the new plaintiffs and evidence showing that the defendants would not be prejudiced by the amendment adding these new plaintiffs. However, the trial court ruled on the matter without permitting plaintiffs’ counsel to present his case. The following colloquy took place:
MR. DERSONA: ... Surely State Farm and Patty Parsons will not be prejudiced by these two plaintiffs being added to this particular lawsuit.
THE COURT: ... How can they not be prejudiced, assuming they recover? Aren’t they prejudiced if State Farm has to put out money? I call that being prejudiced.
MR. DERSONA: No, your honor, I don’t call it being prejudiced. You look at what has transpired between the-
THE COURT: Because, of phone calls?
MR. DERSONA: And letters.
THE COURT: And letters?
MR. DERSONA: And letters. Your hon- or, not only that, there has been depositions taken in this particular case where State Farm in fact did know about Joseph Shropshire and about Jeffery Washington. The facts indicate that.
THE COURT: So What? So What?
MR. DERSONA: It satisfied the Giroir Test.
THE COURT: These are sepárate causes of action.
MR. DERSONA: Yes, they are.
THE COURT: These are not intervenors, these are not subrogees. These are separate causes of action. Your motion is granted.
MR. DURIO: Thank you, your honor..
MR. DERSONA: Yóur Honor, let me say this here, please.
THE COURT: Why? I’ve' already ruled. Your talking after the fact, Mr. Dersona, so it’s worthless.
In order to determine whether an amendment relates back under Giroir, .the court must consider each of the -four factors enumerated. Accordingly, factual issues regarding the nature of an amended claim and its prejudice to defendants are essential to any determination. The fact that the amendment asserts new causes of action is not dispositive of the issue. An amendment can relate back to the date of filing of the original petition under LSA-C.C.P. art. 1153, even if a new and independent cause of action is pled. Tate, “Amendment of Pleadings |4in Louisiana,” 43 Tul.L.Rev. 211, 231 (1969). See, Giroir, 475 So.2d 1040; Faraldo v. Hanover Ins. Co., 600 So.2d 81 (La.App. 4th Cir.1992) and Brown v. City of New Orleans, 580 So.2d 1093 (La.App. 4th Cir.1991). Con *1027 sequently, the trial court’s ruling, based upon this fact alone was error.
Because the trial court terminated the hearing at the time he made his ruling, the record consists only of argument by counsel. Consequently, neither the plaintiffs nor the defendants were able to present any evidence in tbieir case. We are, therefore, without the necessary record to properly review this matter., A proper determination of this matter mandates that the plaintiffs and defendants be allowed to fully present evidence with regard to the factors set forth in Giroir.
For the reasons set forth, the judgment of the trial court, granting defendants’ exception of prescription, is reversed. We remand this matter to the trial court for further proceedings in accordance with the views expressed herein. Costs of this appeal are to be divided equally between the plaintiffs and defendants.
REVERSED AND REMANDED.