600 So.2d 81 (1992)
Dr. Fernando FARALDO
v.
The HANOVER INSURANCE CO.
No. 91-CA-0627.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1992.
*82 Frank B. Hayne, New Orleans, for plaintiff-appellant.
Nat G. Kiefer, Jr., Kiefer, Kiefer & Schneider, New Orleans, for defendants-appellees Lightalarms Electronics Corp. and Greater New York Mut. Ins. Co.
Glenn B. Adams, Daniel T. Murchison, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant-appellee Cambas Elec., Inc.
Before BYRNES, CIACCIO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff, Viviana Paradez Faraldo, appeals the trial court judgment in favor of defendants, Lightalarms Electronics Corporation and its insurer, Greater New York Mutual Insurance Company, Cambas Electric, Inc., E.J. Welsch & Company, and Robert Pratt, maintaining defendants' peremptory exception of prescription and dismissing plaintiff's claim for loss of consortium.
Plaintiff's husband, Dr. Ferando Faraldo, was injured on December 26, 1985, when a metal plate struck him in the head after it fell from an exit sign attached to a building owned by A. Copeland Enterprises, Inc. and leased by Fidelity Homestead Association.[1] Dr. Faraldo filed his original petition on December 12, 1986. No claims were made in the original petition for Dr. Faraldo's wife, Viviana Paradez Faraldo, nor *83 was there any mention of her in the petition. On February 10, 1988, over two years after the accident, a supplemental and amending petition was filed naming Mrs. Faraldo as a new party-plaintiff and asserting a new cause of action for her loss of consortium.[2] The amended petition also named additional defendants. All defendants herein filed peremptory exceptions of prescription which were granted.
There are two issues on appeal. The first concerns the date on which Mrs. Faraldo's cause of action for loss of consortium arose. If it arose over one year before the first supplemental and amending petition was filed, then the second issue presents itself, whether an amended petition adding the original plaintiff's wife and her cause of action for loss of consortium relates back to the date of the filing of plaintiff-husband's original petition, and thus defeats the exception of prescription as to the wife's claims.
We first consider the issue of when Mrs. Faraldo's cause of action for loss of consortium arose. A cause of action for loss of consortium arises when the claimant suffers the actual loss of consortium, service and society. Coates v. Owens-Corning Fiberglass Corp., 444 So.2d 788 (La.App. 4th Cir.1984). Until an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society, they have suffered no injury. Id. at 790. In Coates, this court looked to the allegations of the plaintiffs' petition to determine when their loss of consortium, service and society arose.
Viewing the amended petition filed by Mrs. Faraldo, we find references to her experiencing loss of consortium, service and/or society "since the accident," "after the accident," and "as a result of the accident." All references to the accident are in a context indicating that Mrs. Faraldo suffered her loss immediately following or soon after the accident occurred. In her deposition taken six months after filing her claim for loss of consortium, she states that her husband began experiencing dizziness, nightmares and sleep problems the night of the accident. She related speaking to a physician about these problems "about one week" or "a couple of days" after the accident. She stated that her husband, a university professor, avoided all meetings and after class activities during the 1986 Spring semester because he was "still feeling bad and dizzy and tired." Many of Mrs. Faraldo's claims for loss of consortium are grounded upon her husband's fatigue, dizziness, etc. preventing him from participating in joint activities with her. Nothing in the amended petition provides support for any conclusion other than that Mrs. Faraldo's cause of action for loss of consortium arose immediately following or soon after the accident.
Unless Mrs. Faraldo's claims for loss of consortium contained in the February 10, 1988 amended petition relate back to the date of the December 12, 1986 filing of the original petition, her claims will be considered as having prescribed. La.C.C. art. 3492.
La.C.C.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Because La.C.C.P. art. 1153 is based on Federal Rule of Civil Procedure 15(c), its doctrinal commentaries and judicial interpretations are strongly persuasive as to the meaning and application of the Louisiana article. Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983); Allen v. Smith, 390 So.2d 1300 (La.1980); Tate, "Amendment of Pleadings in Louisiana," 43 Tul.L.Rev. 211 (1969). The federal interpretations of Rule 15(c) hold that the amendment relates back even if a new and independent cause of *84 action is pleaded. Tate, "Amendment of Pleadings in Louisiana," supra at 231.
The leading case on the application of the precepts of La.C.C.P. art. 1153 to late-added plaintiffs is Giroir v. South La. Medical Center, Etc., 475 So.2d 1040 (La.1985). In Giroir, the court set out a four part test to determine whether an amendment adding a plaintiff relates back to the date of the filing of the original petition. The court stated:
[A]n amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
In the instant case, factors (1) and (3) favor the amendment's relating back; Mrs. Faraldo's claims arise out of the same transaction set forth in her husband's original pleading, the accident in question, and she and her husband are sufficiently related so that her addition as a plaintiff is not wholly new or unrelated. The dispositive Giroir factors are (2) and (4).
In Giroir, the original plaintiff filed a wrongful death and survivor's action on March 13, 1981 for the March 20, 1980 death of his wife. Ten days later, on March 23, 1981, the plaintiff-father filed an amended petition adding Mrs. Giroir's two major children as plaintiffs in the wrongful death and survival actions. The Supreme Court found that the defendants knew or should have known of the existence of the Giroir children for several reasons, including: defendant hospital's own records of visits to the decedent by the children; the recorded assistance of the daughter's transportation of her mother to another hospital for a medical test; and a recorded psychiatric report relating the decedent's mentioning of her son. The court also found that defendants were not prejudiced, in part, because the amendment was filed only ten days after the filing of the original petition, and it set forth claims identical to those in the original petition.
In the case of Louviere v. Hartford Insurance Company, 531 So.2d 299 (La.App. 3rd Cir.1988), a husband and his wife were injured in an automobile accident. The wife settled for her personal injuries with the driver of the other vehicle and his insurer. Subsequently, her husband filed a suit for personal injuries against the driver and his insurer. Over one year later, the husband filed a supplemental and amending petition adding four defendants and setting forth a claim on behalf of his wife for her loss of consortium. The trial court dismissed the wife's claim for loss of consortium on the ground of prescription. On appeal the court found that Giroir factors (2) and (4) were not met and affirmed the dismissal against the four newly added defendants, even though the record contained an answer by the husband to an interrogatory propounded by the newly added defendants in which he indicated that he was married. Nevertheless, the court found that the added defendants were completely surprised by the existence of the wife and their defense of her claim would therefore be prejudiced. The court reversed the dismissal as to the two original defendants, finding that they knew of her existence and were, therefore, in a position to adequately prepare a defense to any claim she might have brought. See also Poirier v. Browning Ferris Industries, 517 So.2d 998 (La. App. 3rd Cir.1987), writ denied, 519 So.2d 105 (La.1987) [amended petition adding wife's loss of consortium claim, filed one year after original petition, failed to satisfy prongs (2) and (4) of Giroir].
Although an amendment setting forth a wholly new cause of action can relate back to the date of the filing of the original petition under La.C.C.P. art. 1153, this factor weighs against relating back. See Poirer, supra. Generally, a defendant is more likely to be prejudiced by the addition of wholly new cause of action than by the addition of a new plaintiff asserting the same claim the defendant is already preparing *85 to defend against. Also, the passage of time between the filing of the original petition and the amended petition will generally weigh against the relating back of the amendment. See Giroir, 475 So.2d at 1045.
In the instant case, there is no evidence to indicate that any of the original or added defendants knew or should have known of the existence of Mrs. Faraldo. Thus, the second prong of the Giroir test is not met. Defending against Mrs. Faraldo's claim for loss of consortium would require considerably more time and effort on the part of defense counsel than was required of defense counsel in Giroir, where there was no additional cause of action asserted by the newly added plaintiffs. Counsel for plaintiff stresses that the amended petition was filed in early 1988, giving defendants plenty of time to prepare to defend against Mrs. Faraldo's claims. However, given the often lengthy litigation process, this will frequently be the case. The amended petition setting forth Mrs. Faraldo's cause of action for loss of consortium was not filed until 14 months after the date of filing of the original petition. Considering these factors, we also find that the fourth prong of the Giroir test was not met.
We find that plaintiffs have failed to satisfy the Giroir test and, thus, the second supplemental and amending petition does not relate back under La.C.C.P. art. 1153 so as to defeat defendants' peremptory exception of prescription. The trial court properly maintained the exceptions of prescription filed by defendants and dismissed Mrs. Faraldo's claim for loss of consortium.[3]
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] Original defendants, A. Copeland Enterprises, Inc., Fidelity Homestead Association, and The Hanover Insurance Company, entered into a settlement with original plaintiff Dr. Fernando Faraldo and are not parties to this appeal.
[2] On September 19, 1990, a second supplemental and amending petition was filed seeking damages for emotional distress and mental pain and anguish experienced by Mrs. Faraldo as a result of seeing her husband immediately after his injury. See LeJeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). See also La.C.C. art. 2315.6 (Added by Acts 1991, No. 782, § 1).
[3] Two of the judgments maintaining exceptions of prescription for defendants E.J. Welsch & Company, Robert Pratt, and Cambas Electric, Inc., specifically dismiss Mrs. Faraldo's claims for loss of consortium. The judgment maintaining the exception of prescription filed by defendants Lightalarms Electronics Corporation and Greater New York Mutual Insurance Company simply dismisses the petition for damages filed by Mrs. Faraldo. None of the three judgments mention the second supplemental and amending petition setting forth Mrs. Faraldo's claim for damages sustained as a result of her viewing her injured husband.