648 So.2d 40 (1994)
Lawrence PHILLIPS, Jr.
v.
Wayne T. PALUMBO, State Farm Insurance Company, and Allstate Insurance Company.
Wayne T. PALUMBO
v.
ALLSTATE INSURANCE COMPANY and Lawrence Phillips, Jr.
Nos. 94-CA-1323, 94-CA-1324.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
George G. Angelus, Smith, Martin, Schneider & Shields, New Orleans, for Wayne T. Palumbo.
David V. Batt, Joseph M. Messina, Lobman, Carnahan and Batt, Metairie, for State Farm Mut. Auto. Ins. Co.
Before BYRNES, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
Rhonda Palumbo (Mrs. Palumbo) appeals from the dismissal of her loss of consortium claim against Lawrence Phillips, Jr., (Phillips) on an exception of prescription. The issue for review is whether Mrs. Palumbo's untimely claim for loss of consortium relates back to the timely filing of her husband's petition for damages. For the following reasons, we affirm.
On February 26, 1991, Mrs. Palumbo's husband, Wayne Palumbo (Mr. Palumbo), was involved in an automobile accident with Phillips. At the time of the accident, Mr. Palumbo's car was insured by State Farm Insurance Company (State Farm). The car Phillips was driving was insured by Allstate Insurance Company (Allstate).
*41 Phillips filed suit against Mr. Palumbo, State Farm, and Allstate on June 17, 1991. Mr. Palumbo filed suit against Phillips and Allstate on July 9, 1991. The two lawsuits were consolidated on September 23, 1991. On July 23, 1992, Mr. Palumbo amended his petition to add State Farm as a defendant.
This appeal concerns Mr. Palumbo's third supplemental petition, which was filed on September 13, 1993, over two and a half years after the accident in question. In Mr. Palumbo's third supplemental petition, Mrs. Palumbo was named as a plaintiff for the first time, asserting a claim for loss of consortium.
At the time Mrs. Palumbo filed her claim for loss of consortium, trial was scheduled for April 25, 1994. On April 19, 1994, only six days prior to trial, State Farm and Allstate filed an exception of prescription as to Mrs. Palumbo's loss of consortium claim. Trial was continued, and on June 1, 1994, the trial court maintained defendants' exception of prescription. No reasons for judgment were assigned.
Mrs. Palumbo brought this appeal, arguing that her claim for loss of consortium relates back to her husband's timely filed petition for damages. We affirm.
La.C.C.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition.
In Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985), the Louisiana Supreme Court established a four part test for determining whether an amended petition adding a new plaintiff relates back under La.C.C.P. art. 1153. Giroir stated:
[A]n amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
Id., 475 So.2d at 1044.
In this case, it is undisputed that factors (1) and (3) of the Giroir test are satisfied. In addressing Giroir factor (2), Mrs. Palumbo argues that documents in the record show that defendants knew or should have known of her existence and involvement in Mr. Palumbo's case. State Farm does not directly refute Mrs. Palumbo's contention that it was aware of her existence. State Farm argues, however, that even if it was aware of Mrs. Palumbo's existence, it had no reason to believe that she would become involved in this case. In drawing a distinction between the terms "existence" and "involvement" in factor (2) of the Giroir test, State Farm's argument spills over into the prejudicial concerns embodied in factor (4) of the Giroir test. Rather than recognize a technical distinction between the "existence" and "involvement" of the new plaintiff, we turn to factor (4), which is dispositive of this case.
In Faraldo v. Hanover Ins. Co., 600 So.2d 81 (La.App. 4th Cir.1992), under facts similar to this case, we set forth the following analysis of Giroir factor (4):
Although an amendment setting forth a wholly new cause of action can relate back to the date of filing of the original petition under La.C.C.P. art. 1153, this factor weighs against relating back. See Poirier [v. Browning Ferris Industries, 517 So.2d 998 (La.App. 3rd Cir.1998), writ den. 519 So.2d 105 (La.1987)]. Generally, a defendant is more likely to be prejudiced by the addition of a wholly new cause of action than by the addition of a new plaintiff asserting the same claim the defendant is already preparing to defend against. Also, the passage of time between the filing of the original petition and the amended petition will generally weigh against the relating back of the amendment. See Giroir, 475 So.2d at 1045.
* * * Defending against Mrs. Faraldo's claim for loss of consortium would require considerably more time and effort on the *42 part of defense counsel than was required of defense counsel in Giroir, where there was no additional cause of action asserted by the newly added plaintiffs. Counsel for plaintiff stresses that the amended petition was filed in early 1988, giving defendants plenty of time to prepare to defend against Mrs. Faraldo's claims. However, given the often lengthy litigation process, this will frequently be the case. The amended petition setting forth Mrs. Faraldo's cause of action for loss of consortium was not filed until 14 months after the date of filing of the original petition. Considering these factors, we also find that the fourth prong of the Giroir test was not met.
Id., 600 So.2d at 84-85; see also Morton v. Ray, 611 So.2d 841 (La.App. 4th Cir.1992), writ den. 618 So.2d 404 (La.1993); Wood on Behalf of Hayes v. Hayes, 524 So.2d 241 (La.App. 5th Cir.1988).
Mrs. Palumbo criticizes our discussion of factor (4) in Faraldo. In particular, Mrs. Palumbo argues that Giroir does not place a time limit on relation back of amended petitions, and that Poirier does not stand for the proposition that addition of a new cause of action weighs against relation back. We reiterate our holding in Faraldo. The filing of a new cause of action by a new plaintiff long after prescription has run are all factors which weigh in favor of a conclusion that defendants will be prejudiced by allowing the amendment to relate back. We are aware of only one case which has allowed relation back of a loss of consortium claim under such circumstances. See Raziano v. Lincoln Property Co., 520 So.2d 1213 (La. App. 5th Cir.1988).[1]
Mrs. Palumbo correctly points out that Giroir did not place a time limit on relation back of an amended pleading. However, in Giroir, the new plaintiffs filed their wrongful death and survival action only ten days after their father filed a timely loss of consortium claim. Id., 475 So.2d at 1042. The situation was markedly different in Faraldo, where the new plaintiff asserted her loss of consortium claim some fourteen months after her husband timely filed his petition for damages. As Poirier stated, "We do not believe that a defendant must remain alert indefinitely to the possibility that a plaintiff might have a spouse or children, or both, who might at some future date bring a claim." Id., 517 So.2d at 999 (emphasis original). At some point, time becomes a factor. In this case, the passage of over two years between the filing of Mr. Palumbo's original petition and the addition of Mrs. Palumbo's claim for loss of consortium weighs against the relation back of Mrs. Palumbo's claim.
Mrs. Palumbo further argues that Faraldo erred in citing Poirier for the proposition that addition of a new cause of action weighs against relation back. Poirier noted that Mrs. Poirier's claim for loss of consortium was "a separate cause of action," and went on to state, "The unexpected and untimely filing of this substantial claim close to the trial date would cause obvious prejudice to the defendants." Id., 517 So.2d at 999 (emphasis added). This language from Poirier indicates that the addition of a new cause of action is a factor to be considered when determining whether defendants will be prejudiced by allowing an amendment to relate back.
Moreover, both this court and the Louisiana Supreme Court have previously held that La.C.C.P. art. 1153 bars a new cause of action if the original pleading does not give fair notice of the general factual situation from which the amended claim arose. Gunter v. Plauche, 439 So.2d 437, 440 (La.1983); Brown v. City of New Orleans, 580 So.2d 1093, 1096 (La.App. 4th Cir.1991); Paddock v. Dennies, 532 So.2d 855, 856 (La.App. 4th *43 Cir.1988). In his original petition, Mr. Palumbo did not mention his spouse. He did, however, make the following reference to a possible consortium claim:
As a result of plaintiff's injuries he is entitled to a reasonable and equitable award of damages for his past, present, and future pain and suffering, medical expenses, loss of earnings, mental anguish, physical disability, loss of consortium, and any other category of damage which is applicable and justified under the circumstances.
(emphasis added). This oblique reference to Mrs. Palumbo and her potential claim, set forth in a general litany of potential claims, did not provide fair notice to the defendants. In the absence of fair notice, we also reject Mrs. Palumbo's argument that her new claim will not prejudice defendants because loss of consortium is derivative of Mr. Palumbo's claim for damages.
Mrs. Palumbo further argues that courts are required to strictly construe prescriptive statutes against finding that a case has prescribed and in favor of maintaining the cause of action, citing Bustamento v. Tucker, 607 So.2d 532 (La.1992), Lima v. Schmidt, 595 So.2d 624 (La.1992), and Fontaine v. Roman Catholic Church, 625 So.2d 548 (La.App. 4th Cir.1993), writ den. 630 So.2d 787 (La.1994). However, a late amendment will relate back under La.C.C.P. art. 1153 only when it satisfies the Giroir criteria. Having failed to satisfy the Giroir criteria, Mrs. Palumbo's claim for loss of consortium does not relate back to the filing, over two years earlier, of her husband's petition for damages. Under the circumstances, the trial court did not err in maintaining defendants' exception of prescription.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] In Raziano, Mrs. Raziano was allowed to assert her consortium claim over 3 years after her husband's accident, even though she had never been named a party to the suit. In addition, three cases have allowed relation back of a consortium claim where the spouse was already a party to the proceedings. See Paddock v. Dennies, 532 So.2d 855 (La.App. 4th Cir.1988) (wife was already a plaintiff when she added a late consortium claim); Louviere v. Hartford Ins. Co., 531 So.2d 299 (La.App. 3rd Cir.1988) (wife settled with defendants, then added late consortium claim); Comeaux v. Poindexter, 527 So.2d 1184 (La.App. 3rd Cir.1988) (husband was already a plaintiff when he added a late consortium claim). These four cases were not cited by Mrs. Palumbo.