704 So.2d 25 (1997)
Kathryn D. SIVILS
v.
Charles F. MITCHELL, M.D.
No. 96 CA 2528.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*26 Michael R. Connelly, Baton Rouge, for Plaintiff/Appellant Kathryn D. Sivils.
Daniel A. Reed, Baton Rouge, for Defendant/Appellee Charles F. Mitchell, M.D.
Before CARTER, KUHN and FITZSIMMONS, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment, dismissing a suit for damages on a peremptory exception raising the objections of no cause of action and no right of action.

FACTS
Plaintiff, Kathryn D. Sivils ("Sivils"), alleges that she suffered from chronic fatigue syndrome ("CFS"). On February 10, 1994, Sivils allegedly went to defendant, Dr. Charles F. Mitchell ("Dr. Mitchell") for treatment of problems unrelated to her CFS. After Dr. Mitchell had begun the initial examination and treatment of Sivils, he allegedly learned through conversation with Sivils that she suffered from CFS. Sivils alleges that at this point, Dr. Mitchell informed her that he could not help her, and left the examination room. As a result of this incident, Sivils filed suit against Dr. Mitchell for alleged discrimination. In the petition, Sivils alleged that Dr. Mitchell denied her medical treatment "solely because he learned that she had CFS" and that this denial was a violation of the Americans with Disabilities Act ("ADA") and pertinent Louisiana laws involving discrimination against the disabled.
Dr. Mitchell responded to the petition by filing a dilatory exception raising the objection of prematurity. In this exception, Dr. Mitchell argued that plaintiff's petition was *27 premature because it was governed by the Louisiana Medical Malpractice Act and the claim had not first been submitted to a medical review panel. This exception was denied by the trial court.
Subsequently, Dr. Mitchell filed a peremptory exception raising the objections of no cause of action and "lack [of] procedural capacity to [sue]." In the supporting memorandum, Dr. Mitchell argued that the petition was predicated upon a violation of the ADA, which act did not permit or provide for a private action for damages. Thus, Sivils had not stated a cause of action under the ADA. Additionally, Dr. Mitchell argued that Sivils lacked the procedural capacity to bring the suit because she did not have permission to bring a suit in the matter pursuant to 42 U.S.C. § 12188(b) and 42 U.S.C. § 2000a-3(a). Accordingly, Dr. Mitchell contended Sivils had no right of action.[1] Dr. Mitchell also contended that Louisiana law governing the civil rights of persons with disabilities did not provide a cause of action for discrimination by a health care provider in the treatment of disabled persons because it was "designed to protect the rights of disabled persons in the job market."
After a hearing on the peremptory exceptions, the trial court rendered judgment on September 12, 1995, in favor of Dr. Mitchell, and against Sivils, sustaining the peremptory exception and dismissing her suit at her cost.[2] From this judgment, Sivils appeals raising the following two assignments of error:
1. The trial court erred manifestly by ignoring the claim made by plaintiff under the ADA.
2. The trial court erred manifestly in deciding that the provisions of LSA-R.S. 46:2251, et seq., do not encompass the complaint made by plaintiff.

PEREMPTORY EXCEPTION
The objections of no right of action and no cause of action are properly raised by the peremptory exception.

A. OBJECTION OF NO RIGHT OF ACTION
The objection of no right of action tests whether the plaintiff has a "real and actual interest" in the suit. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 4 (La. 11/30/94), 646 So.2d 885, 888; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 4 (La.App. 1st Cir. 3/27/97), 691 So.2d 751, 754, writ denied, 97-1066 (La. 6/13/97), 695 So.2d 982. Stated another way, an exception of no right of action determines "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. The exception is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with suit in a particular case. LSA-C.C.P. art. 931 permits the introduction of evidence to support or controvert an exception of no right of action. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754.

B. NO CAUSE OF ACTION
The exception of no cause of action questions "whether the law extends a remedy to anyone under the factual allegations of the petition." Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 646 So.2d at 888, n. 3; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. The purpose of an exception pleading the objection of no cause of action is to determine the sufficiency in law of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690, p. 2 (La. 7/5/94), 640 So.2d 237, 241; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754.
Generally, no evidence may be introduced to support or controvert the exception. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. However, *28 as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1st Cir.), writ denied, 604 So.2d 999 (La. 1992), the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence which is admitted without objection to enlarge the pleadings. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. Otherwise, the exception is triable on the face of the pleadings, and, for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 640 So.2d at 241; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. The court must determine if the law affords plaintiff a remedy under those facts. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754.
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Any doubts are resolved in favor of the sufficiency of the petition. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 755.

C. AMENDMENT OF PLEADINGS
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. LSA-C.C.P. art. 934. Clearly, even if a petition fails to state a cause of action, or if under the allegations, the party asserting the action lacks the procedural capacity to assert it, if the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. See Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 755. However, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow the pleadings to be amended. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 755.

ANALYSIS
In the present case, Sivils has asserted a claim for damages under both the ADA and the Louisiana Civil Rights Act for Handicapped Persons ("LCRAHP"), LSA-R.S. 46:2251, et seq. In his brief to this court, Dr. Mitchell argues that Sivils has no right of action to seek damages under the ADA, and has no cause of action against him under the LCRAHP. Thus, we must analyze the pertinent provisions of the ADA and the LCRAHP to determine whether the trial court properly sustained the peremptory exception pleading the objections of no cause of action and no right of action.

A. INTERPRETATION OF THE ADA
The ADA was enacted by Congress "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b). The ADA is divided into four subchapters; this lawsuit arises under the provisions and prohibitions contained in subchapter III, Public Accommodations and Services Operated by Private Entities, §§ 12181-12189. United States v. Morvant, 93-3251, p. 9 (E.D.La. 1/26/94), 843 F.Supp. 1092, 1094.
The ADA prohibits discrimination by public accommodations as follows:
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
42 U.S.C. § 12182(a). Included in the definition of "public accommodation" in that subchapter is "professional office of a health care provider." 42 U.S.C. § 12181(7). A "private entity" means "any entity other than a public entity." 42 U.S.C. § 12181(6). United States v. Morvant, 843 F.Supp. at 1094.
Sivils is not entitled to money damages under the ADA, which limits the remedies available to private individuals to those set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a). 42 U.S.C. *29 § 12188(a)(1). Mayberry v. Von Valtier, 93-71383, p. 24 (E.D.Mich. 2/8/94), 843 F.Supp. 1160, 1167. See Adickes v. S.H. Kress and Company, 398 U.S. 144, 150, n. 5, 90 S.Ct. 1598, 1604-05, n. 5, 26 L.Ed.2d 142 (1970); Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). Such remedies include permanent or temporary injunctions and restraining orders. Only when the Attorney General becomes involved in the matter may the Court award monetary damages to aggrieved persons. 42 U.S.C. § 12188(b)(2)(B); Mayberry v. Von Valtier, 843 F.Supp. at 1167. Accordingly, as Sivils has not asserted a claim for injunctive relief in her petition, and only the attorney general can sue to enforce the act provisions and seek relief, including monetary damages, Sivils has not established a right of action under the ADA against Dr. Mitchell.[3] Thus, the trial court properly granted the peremptory exception raising the objection of no right of action as to Sivils' claim based on the ADA.[4]

B. INTERPRETATION OF LCRAHP
Louisiana has also enacted a Civil Rights Act for Handicapped Persons, LSA-R.S. 46:2251 through 2256. In this act, the legislature granted individual victims of discrimination the right to bring a cause of action for money damages as a result of discriminatory acts. See LSA-R.S. 46:2256. However, the legislature limited the particular entities that could be liable for such discrimination. See LSA-R.S. 46:2254 A. The LCRAHP does not prohibit discrimination against handicapped persons by public accommodations. Rather, pursuant to LSA-R.S. 46:2254, "[n]o otherwise qualified person shall, on the basis of a handicap, be subjected to discrimination in employment, by any educational facility, in any real estate transaction, or be excluded from participating in, or denied the benefits of, any program or activity which receives financial assistance from the state or any of its political subdivisions." [Emphasis added.] Where a statute is clear and unambiguous and its application does not lead to absurd consequences, it must be applied as written. LSA-C.C. art. 9. Thus, unlike the ADA, the LCRAHP, as written, does not allow a cause of action for discrimination against a public accommodation.
Sivils only has a cause of action against Dr. Mitchell under the LCRAHP if CFS is a handicap as defined in the LCRAHP and if Dr. Mitchell operates a program or activity which receives financial assistance from the state or any of its political subdivisions. Sivils' petition does not contain any allegation that CFS qualifies as a handicap under the LCRAHP or that Dr. Mitchell received any funds or financial assistance from the State of Louisiana or any of its political subdivisions. Consequently, based on the allegations contained in the petition, and accepting these allegations as true, Sivils has failed to set forth a cause of action against Dr. Mitchell under the LCRAHP. Cf. Sharrow v. Bailey, 95-0531, pp. 35-36 (M.D.Penn. 11/17/95), 910 F.Supp. 187, 193 (petition which alleged that the defendant received federal funding in his private medical practice set forth a cause of action under the Rehabilitation Act of 1973, 29 U.S.C. § 794).
Based on the above, we find that the trial court was correct in sustaining the peremptory exception pleading the objections of no cause of action and no right of action. However, the trial court did not give Sivils an opportunity to amend her petition to attempt *30 to state a cause of action. Because it is possible that the grounds for Dr. Mitchell's no cause of action objection may be removed by amendment, we must remand this matter to the trial court to permit Sivils to amend her pleading, if she can, to set forth the necessary allegations so as to state a cause of action against Dr. Mitchell under the LCRAHP.

CONCLUSION
For the reasons set forth in this opinion, the judgment of the trial court is affirmed insofar as it sustained the peremptory exception pleading the objections of no cause of action and no right of action. However, the judgment is amended and the matter is remanded to the trial court to permit Sivils fifteen (15) days from the date this opinion becomes final in which to amend her petition so as to remove the grounds for the no cause of action objection pursuant to LSA-C.C.P. art. 934, in default of which, Sivils' claims against Dr. Mitchell shall be dismissed. Costs of this appeal are assessed to Sivils.
AMENDED, AFFIRMED AS AMENDED, AND REMANDED.
NOTES
[1] We will treat the "lack [of] procedural capacity to [sue]" objection as a peremptory exception raising the objection of no right of action.
[2] The judgment of the trial court does not state which objections raised by the peremptory exception were sustained and appears to sustain both objections raised by the peremptory exception.
[3] The attorney general must find there is reasonable cause to believe that discrimination has occurred, which discrimination raises an issue of general public importance, before suit can be filed. 42 U.S.C. § 12188(b)(1)(B)(ii).
[4] Under LSA-C.C.P. art. 934, when the grounds of the objection pleaded by a peremptory exception may be removed by an amendment, the judgment should order such amendment. However, to allow the amendment contemplated by LSA-C.C.P. art. 934, there should be some indication that the defective petition can be amended so as to state a lawful right of action, and a plaintiff must be able to remove the grounds for the objection. Sommers v. Secretary, Department of Revenue and Taxation, 593 So.2d 689, 693, n. 5 (La.App. 1st Cir.1991), writ denied, 594 So.2d 877 (La.1992); Johnfroe v. Children's Hospital, 537 So.2d 383, 385-86 (La.App. 4th Cir.1988). In the instant case, the grounds for the peremptory exception raising the objection of no right of action, namely, that only the attorney general can bring an action for damages, cannot be removed by amendment. As such, Sivils suit was properly dismissed as concerns this part of her claim.