726 So.2d 68 (1998)
Ferne KISTNER and T.J. Kistner
v.
Ricky KING, Blevins Concession Supply Company and Royal Insurance Company.
No. 98-CA-641
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
*69 Patricia S. LeBlanc, LeBlanc, Miranda & deLaup, Metairie, Louisiana, Attorneys for Defendants/Appellants.
Charles A. Boggs, Jedd S. Malish, New Orleans, Louisiana, Attorneys for Plaintiffs/Appellees.
Before GAUDIN, CANNELLA and DALEY, JJ.
DALEY, Judge.
Defendants, Ricky King, Blevins Concession Supply Company, and Royal Insurance Company, appeal the trial court's grant of a JNOV in favor of plaintiff, T.J. Kistner, awarding him damages for loss of consortium and loss of services after the jury failed to do so. For the following reasons, we reverse the award of loss of services, finding it duplicative of the award for loss of consortium. We amend the award for loss of consortium.
Kistner's wife, Ferne Kistner, was injured in an automobile accident in April of 1995, when she was approximately 55 years of age. She suffered muscle strains and back pain for which she received physical therapy, a TENS unit, and medication. The matter went to trial solely on the issue of damages. A jury awarded Mrs. Kistner a total of $34,418.30 in damages, but specifically denied Mr. Kistner an award for loss of consortium and loss of services. The plaintiffs filed a Motion for JNOV, Motion for New Trial, and a Motion for Additur. The trial court granted the motion, awarding Mr. Kistner $10,000 for loss of consortium and $3000 for loss of services. It is from this judgment that defendants appeal.
On appeal, defendants argue that the trial judge exceeded his judicial authority by improperly substituting his findings of fact and credibility of the witnesses for the findings of the jury. Alternatively, they argue that the amount of the award should be reduced.

JNOV
This court stated the stringency of the law on judgments notwithstanding the verdict in State of Louisiana, Dept. of Transp. and Dev. v. Scramuzza, 95-786 (La. App. 5 Cir. 4/3/96), 673 So.2d 1249:
"A JNOV is properly granted `only when the facts and inferences are so strongly and overwhelmingly in favor of one party' that the trial judge believes reasonable men could not have arrived at a contrary verdict." Adams v. Security Ins. Co. of Hartford, 543 So.2d 480, 486 (La.1989). Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991).
"A JNOV is based on a different standard from additur and remittur, namely, that based on the evidence there is no genuine issue of fact." Trans Global Alloy v. First Nat. Bank, 564 So.2d 697, 710 (La.App. 5th Cir.1990), affirmed in part, rev'd in part on other grounds, 583 So.2d 443 (La.1991); LSA-C.C.P. art. 1811, Comments1984. Thus, if the jury's verdict is one which reasonable people could have rendered or if the trial court is convinced that, under the evidence, reasonable minds could differ as to the amount of damages, the granting of a JNOV is improper. (Cites omitted)
In considering a motion for JNOV, the trial court may not weigh the evidence, substitute its judgment of facts for that of the jury, or pass on the credibility of witnesses. (Cites omitted.) Furthermore, the court should consider all of the evidence, not just the evidence that supports the non-mover's case, and should give the non-mover the benefit of every legitimate and reasonable inference that can be drawn from the evidence by the jury. State, Department of Transp. and Dev. v. *70 Wahlder, 554 So.2d 233 (La.App. 3rd Cir. 1989); McClain v. Holmes, 460 So.2d 681 (La.App. 1st Cir.1984).
This court, in reviewing a JNOV, must use the aforementioned criteria in deciding whether or not the motion was properly granted. Anderson v. New Orleans Public Service, supra. If the reviewing court determines that the trial court erred in granting the motion, because reasonable men in the exercise of impartial judgment might reach a different conclusion than the one proposed by the moving party, then the JNOV must be reversed and the jury verdict should be reinstated. Anderson v. New Orleans Public Service, supra.
A claim for loss of consortium encompasses seven elements: loss of love and affection; loss of society and companionship; impairment of sexual relations; loss of performance of material service; loss of financial support; loss of aid and assistance; and loss of fidelity. Seagers v. Pailet, 95-52 (La.App. 5th Cir.5/10/95), 656 So.2d 700, 713. A plaintiff need not prove each and every element to bear his burden of proof. Id.
Mr. Kistner testified that he has lost some of the enthusiasm and wonderful qualities of his wife. He testified that there has been some dimishment in enjoyment of the things they do together. Now he gardens alone. She can't sit still for a long time, so at the movies they select aisle seats so she can get up and move around periodically. Mr. Kistner said that he vacuums for her and does heavy lifting like rearranging furniture. He also helps her dress. He testified that their sex life is less frequent. On cross, he admitted that both he and Mrs. Kistner were married before and each have three grown children from previous marriages. Finally, he testified that he loves his wife even more now than before the accident.
Therefore, we agree that the trial court was correct in granting the JNOV insofar as the jury refused to give Mr. Kistner an award for loss of consortium. However, we find that the trial court abused its discretion in awarding excessive damages to Mr. Kistner.
The jury received the following instruction regarding loss of consortium:
A cause of action for loss of consortium arises when the claimant suffers the actual loss of consortium, service and society. Until an injured party's condition deteriorates to such an extent that his family is actually deprived of her loss of consortium, service or society, they have suffered no injury. Faraldo v. Hanover Ins. Co., 600 So.2d 81 (La.App. 4 Cir.1992).
During their deliberations, the jury sent the following note to the judge:
If we award her X # of dollars do we have to award him any
/Jury.
The court answered "no".
In his reasons for granting the JNOV, the trial judge stated that the parties testified that their marital relations have been curtailed to the point where they are almost non-existent. However, this is not supported by the record. Mrs. Kistner testified that the couple went from having marital relations two to three times per week to two or three times per month. Mr. Kistner simply stated that there was a diminishment in the frequency. Likewise, Mr. Kistner testified that he loved his wife even more after the accident. The trial court states that he testified that their relationship has become strained, but this is not supported by the record.
The trial court states that Mr. Kistner testified that he has to perform most of the housework since the accident. This, too, is not supported by the record testimony. Mr. Kistner testified that he has vacuumed and has done some dishes, and moves furniture when it is needed, but there was no testimony that this heavy lifting is a regular occurrence, or that Mrs. Kistner performed such before the accident.
As stated above, an award for loss of consortium includes the following elements: loss of love and affection; loss of society and companionship; impairment of sexual relations; loss of performance of material service; loss of financial support; loss of aid and assistance; and loss of fidelity. The record shows no loss of love or affection, no loss of society or companionship, no loss of financial *71 support[1], no loss of aid and assistance, and no loss of fidelity. The record only shows that Mr. Kistner now helps perform some housework, and that sexual relations are less frequent.
The award of $3000 for loss of services is redundant, as this is an element included within the definition of loss of consortium. (Loss of services as an element of loss of consortium includes uncompensated work around the home. Brungart v. K-Mart Corp., 95-0708 (La.App. 1 Cir. 2/23/96), 668 So.2d 1335). Therefore, we reverse the trial court's JNOV regarding loss of services.
Moreover, we find that the award of $10,000 is excessive for loss of consortium, given the evidence in the record. (Mrs. Kistner herself received a total of $8,000 for mental pain and suffering, and loss of enjoyment of life.)
In Keller v. City of Plaquemine, 96-1933 (La.App. 1 Cir. 9/23/97), 700 So.2d 1285, the First Circuit affirmed a loss of consortium award of $5000 to a wife who suffered, by virtue of her husband's disabling back injury, loss of love and affection, companionship, impairment of sexual relations, and loss of felicity. In the instant case, the record shows that Mr. Kistner's losses are less than Mrs. Keller's.
In Marie v. John Deere Ins. Co., 96-1288 (La.App. 1 Cir. 3/27/97), 691 So.2d 1327, the Court of Appeal affirmed a loss of consortium award of $2000 to a husband whose wife was injured in a car accident. Before the accident, they went dancing and fishing together, and she cut the grass and tended the yard. They no longer go dancing and fishing and she no longer helps in the yard. The frequency and quality of their marital relations decreased, and she would "get aggravated a lot" and start fussing at him for no reason at all.
On appeal, the court in Wilson v. National Union Fire Ins. Co., 27,702 (La.App. 2 Cir. 12/6/95), 665 So.2d 1252, held that the lowest award they could give plaintiff for loss of consortium was $2000; her husband's hip injury made him snappy with her and the children, marital relations ceased for 11 months, there was tension in the marriage and her sleep was interrupted.
In Brungart v. K-Mart Corp., 95-0708 (La.App. 1 Cir. 2/23/96), 668 So.2d 1335, the court awarded Mr. Brungart $3000 for his loss of consortium. He had to perform her household chores because she was unable to do so after the accident, she complained of pain frequently, and their sexual relations were substantially affected.
After finding that the lower court abused its discretion, the appellate court may raise (or lower) an award of damages to the lowest (or highest) point that is reasonably within the discretion afforded that court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). According, we find that the highest award the trial court could have awarded is $3000.
AFFIRMED AS AMENDED IN PART; REVERSED IN PART.
NOTES
[1] There was testimony of loss of earnings, but Mrs. Kistner received an award for this.