729 So.2d 1154 (1999)
BATON ROUGE ASSOCIATION OF SCHOOL EMPLOYEES, LOCAL 100 SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO and Its Authorized Officer Larry Roddy, and Bertha Twine, Mary Ridley, Deborah Brooks, Annie Lee Gross, Annie Johnson, Ruby Johnson, Carol Jones, Amy Lane, Dorothy McPipe, Alma Newman, Deborah Richardson, Olivia Smith, Mary Williams, and a Class of Similarly Situated Individuals
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. 98 CA 0526.
Court of Appeal of Louisiana, First Circuit.
April 1, 1999.
*1155 Louis L. Robein, Jr., Nancy Picard, Metairie, for Plaintiffs/Appellants, Donna M. Allen Linda Marionneaux Sarah Williams.
Kenneth F. Sills, Karen Murphy, Baton Rouge, for Defendant/Appellee, East Baton Rouge Parish School Board.
R. Randall Roche, Baton Rouge, for Defendant/Appellee, Louisiana School Retirement System.
Before: CARTER, C.J., SHORTESS, and WHIPPLE, JJ.
CARTER, C.J.
Three female employees appeal their dismissal from a lawsuit alleging discriminatory budget cuts by the East Baton Rouge Parish School Board (School Board). Donna M. Allen and Linda Marionneaux appeal their dismissal by the trial court's grant of the School Board's peremptory exception raising the objection of no right of action. Sarah Williams also appeals the trial court's grant of the School Board's peremptory exception raising the objection of prescription, which dismissed her claim. (Allen, Marionneaux, and Williams will be collectively referred to as appellants.) Appellants also assert the trial court erred in its denial of their motion for reconsideration of class certification in a separate judgment signed on December 10, 1997. After reviewing this matter, we find no error in the judgment of the trial court.

*1156 FACTS
Appellants alleged they were employed by the School Board in the Janitor I-9 months classification.[1] The Janitor I-9 months classification consists of janitors employed for six hours each day, nine months each year. According to the appellants, on June 30, 1992, the School Board adopted a budget which reduced the hours of Janitor I-9 months from six hours each day to four hours each day and eliminated insurance and retirement benefits for that classification.
A lawsuit was filed against the School Board on June 29, 1993, seeking class action certification and reinstatement of their wages and benefits. The lawsuit alleged that the School Board's reduction in hours worked by Janitor I-9 months and the elimination of benefits was discriminatory because the Janitor I-9 months position was the only classification to be affected by budget cuts and was overwhelmingly comprised of female employees. In contrast, the other custodial classifications of Janitor II, III, and Custodian I, II, and III, which were overwhelmingly comprised of male employees, did not sustain any decrease in wages, hours, or benefits.[2] In support of their contention that the School Board's action constituted gender discrimination, the claimants asserted the applicability of LSA-R.S. 51:2231-65, particularly § 2242, which makes it unlawful for any employer to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of the individual's sex. The lawsuit also alleged the School Board violated LSA-R.S. 23:1006, making it unlawful for an employer to intentionally classify employees in a way which deprives individuals of employment opportunities or adversely affects the status of an employee on the basis of sex. We note that LSA-R.S. 51:2242 and LSA-R.S. 23:1006 were repealed by Acts 1997, No. 1409, § 4 effective August 1, 1997.
Our review of the record indicates the original petition was amended several times to add additional plaintiffs. On October 6, 1993, a second amending petition was filed adding nine additional plaintiffs.[3] On April 12, 1994, a third amending petition was filed adding twenty-four additional plaintiffs.[4] The very next day, a fourth amending petition was filed seeking to add a plaintiff who had previously been added by the second amending petition. On May 1, 1996, a fifth amending petition was filed adding Sarah Williams as a plaintiff.
On February 17, 1994, the trial court denied a motion for class action certification. In the same judgment, the trial court noticed the peremptory exception of no right of action as to the Baton Rouge Association of School Employees International Union, AFL-CIO and its authorized officer, Larry Roddy, on its own motion.
On December 10, 1997, the trial court granted the School Board's peremptory exception raising the objection of prescription to the fifth amending petition filed by Sarah Williams and the School Board's peremptory exception raising the objection of no right of action as to Donna M. Allen and Linda Marionneaux. The trial judge also signed a second *1157 judgment on December 10, 1997, denying a motion for reconsideration of class certification filed on behalf of all named plaintiffs. The appellants assign error to these judgments.

DISCUSSION

Exception of Prescription
The first issue assigned is whether the amending petition of Sarah Williams, which was filed on May 1, 1996, relates back to the original petition filed on June 29, 1993, or is barred by prescription. In Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1044 (La.1985), the supreme court established the following criteria which would allow an amendment adding a plaintiff to relate back to an original petition: 1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; 2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; 3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; 4) the defendant will not be prejudiced in preparing and conducting his defense.
After our review of the record, we find that while some of the prongs of the Giroir test are met, we do not think the fifth amending petition should relate back to the original petition. There is no question that Sarah Williams's claim arises out of the same allegedly discriminatory act of the School Board in reducing hours and benefits as the other plaintiffs assert in their causes of actions. Further, because Sarah Williams was employed by the School Board in the Janitor I-9 months position, and the School Board had notice that these employees were attempting litigation as a class over the elimination of hours and benefits from the 1992-93 budget, the School Board should have known of the existence and involvement of Sarah Williams in this lawsuit.
We find that the present situation does not meet the fourth prong of the Giroir test because it would prejudice the School Board in conducting its defense. We note that the court in Giroir did not place any time limits on the relation back of an amended pleading. Generally, a defendant is more likely to be prejudiced by the addition of a wholly new cause of action than by the addition of a new plaintiff asserting the same claim the defendant is prepared to defend against. See Giroir, 475 So.2d at 1045. However, the passage of time between the filing of the original petition and the amended petition will generally weigh against the relating back of the amendment. See Giroir, 475 So.2d at 1045.
Although Sarah Williams presents the same claims as the original and timely amended plaintiffs, we agree with the approach of the court in Phillips v. Palumbo, 94-1323, pp. 4-5 (La.App. 4th Cir.12/15/94), 648 So.2d 40, 42, which found that at some point the passage of time becomes a factor. The court in Phillips noted that the passage of over two years between the filing of the plaintiffs original petition and the addition of his spouse's claim for loss of consortium weighed against the relation back of the spouse's claim. Phillips, 648 So.2d at 42.
In the present case, we find the relevant point in our analysis is the denial of the class certification on February 17, 1994. The record reflects over two years passed from that denial to the filing of the fifth amending petition seeking to add Sarah Williams as a plaintiff. Moreover, nearly four years had elapsed since the alleged discriminatory act and the filing of the fifth amending petition. Certainly, the plaintiffs were in possession of information that would have led to the discovery of Sarah Williams and her claim well before it was actually filed. In the attached exhibits to the original request for class certification, the plaintiffs attached a list of every employee employed in the Janitor I-9 months position and the other janitorial and custodial classifications. Sarah Williams is listed as a Janitor I-9 months employee at Brookstown Elementary. The passage of time between the alleged discriminatory act, the denial of the class action certification, and the filing of the fifth amending petition adding Sarah Williams as a plaintiff weighs heavily against allowing the amendment to relate back to the original and timely filed petitions. Accordingly, we find no error in *1158 the trial court's granting of the exception of prescription to the fifth amending petition adding Sarah Williams as a plaintiff.

Exceptions of No Right of Action
Allen and Marionneaux contend the trial court erred in granting the School Board's exception of no right of action and dismissing their claims. First, they claim that because they normally worked the hours of the Janitor I-9 months position that they were injured when those hours were reduced. Second, they assert the School Board discriminated against them by classifying them as day-by-day substitutes.
The objection of no right of action tests whether the plaintiff has a "real and actual interest" in the suit. Sivils v. Mitchell, 96-2528, p. 3 (La.App. 1st Cir.11/7/97), 704 So.2d 25, 27. Stated another way, an exception of no right of action determines "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Sivils, 704 So.2d at 27. The sole issue at trial of the exception is whether the plaintiff is in that group granted possible recovery by the law, not whether the plaintiff will or will not recover. Gustin v. Shows, 377 So.2d 1325, 1327-28 (La.App. 1st Cir.1979). The exception is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with a suit in a particular case. LSA-C.C.P. art. 931 permits the introduction of evidence to support or controvert an exception of no right of action. Sivils, 704 So.2d at 27.
The School Board supported its objections of no right of action against Donna M. Allen and Linda Marionneaux with two separate affidavits from James Manely, the Supervisor for Classified Personnel Services, Human Resources Department of the School Board, which indicated that Allen and Marionneaux were only day-by-day substitutes and were not guaranteed six hours of work every day or even any work. Manely's affidavits also indicated that because Allen and Marionneaux were not Janitor I employees but only substitutes, they were not entitled to any benefits.
Accordingly, we find the reduction in hours worked by Janitor I and elimination of the benefits of Janitor I did not affect Allen and Marionneaux because their classification as day-by-day substitutes did not entitle them to the guaranteed hours and benefits of the Janitor I position. We find no error in the trial court's granting the School Board's peremptory exception raising the objection of no right of action.
Allen also alleges that she has a right of action against the School Board based on gender discrimination because she was improperly classified as a day-by-day substitute in violation of federal regulations. After our review, we note this suit is based on the alleged discriminatory act of the School Board, which took place on June 30, 1992, when it approved the reduction of hours and elimination of benefits of the Janitor I-9 months classification. Thus, Allen's contention that she was discriminated against by her classification as a day-by-day employee is not applicable to the factual basis of the original lawsuit. The alleged improper classification of day-by-day substitutes is not a part of the harm alleged in the petition. Accordingly, we find the trial court did not err in granting the peremptory exception raising the objection of no right of action to Donna M. Allen and Linda Marionneaux.

Class Action Certification
Our review of the record reveals the trial court originally denied plaintiffs' motion for class certification on February 17, 1994. A motion for new trial on this issue was denied on February 28, 1994. No appellate review was sought from the denial of class certification. On December 10, 1997, the trial court denied a motion for reconsideration of class certification filed on behalf of all named plaintiffs.
Allen, Marionneaux, and Williams argue that they can raise the issue of denial of class action certification because they have a right to appeal all adverse interlocutory rulings prejudicial to them, in addition to review of the correctness of the final judgments appealed from. However, in this case, the issue of correctness of the denial of class certification is moot in relation to Allen, Marionneaux, *1159 and Williams since we find they have been properly dismissed from this action.
Moreover, we note the remaining plaintiffs in this action did not obtain an order for appeal of the December 10, 1997 judgment denying the reconsideration for class certification. LSA-C.C.P. art. 2121 provides, in pertinent part, that an appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. It is incumbent upon the party litigant or his counsel to obtain the order of appeal, and failure to do so is imputable to him. Strickland v. Layrisson, 96-1280, p. 4 (La.App. 1st Cir.6/20/97), 696 So.2d 621, 624, writ denied, 97-1940 (La.1/14/97), 704 So.2d 228. The jurisdiction of the appellate court attaches upon the granting of the order of appeal. LSA-C.C.P. art.2088. There can be no appeal absent an order of appeal because the order is jurisdictional. This lack of jurisdiction can be noticed by the court on its own motion at any time. LSA-C.C.P. art. 2162; Strickland, 696 So.2d at 624. Thus, we find that the court has no jurisdiction over the appeal of the December 10, 1997 judgment regarding class certification.[5]

CONCLUSION
Based on the foregoing reasons, we affirm the trial court's grant of the exceptions of no right of action with regard to Donna M. Allen and Linda Marionneaux, and we affirm the trial court's grant of the exception of prescription with regard to Sarah Williams. Further, the School Board's motion to strike the portions of plaintiffs' brief relating to the class certification issue is denied as moot. All costs of this appeal are assessed to Donna M. Allen, Linda Marionneaux, and Sarah Williams.
AFFIRMED.
WHIPPLE, J., dissents in part for reasons assigned.
WHIPPLE, J., dissenting in part.
I dissent from the majority's holding herein that the claim asserted by Sarah Williams is prescribed. As the majority notes, there is no question that her "claim arises out of the same allegedly discriminatory act of the School Board in reducing hours and benefits as the other plaintiffs assert in their causes of action. Further, because Sarah Williams was employed by the School Board in the Janitor 1-9 months position, and the School Board had notice that these employees were attempting litigation as a class over the elimination of hours and benefits from the 1992-93 budget, the School Board should have known of the existence and involvement of Sarah Williams in this lawsuit." Moreover, as the majority opinion appropriately recognizes, the jurisprudence requires that this court evaluate whether the defendant would be prejudiced in preparing and conducting a defense herein in order to defeat the relating-back of the claim asserted by Williams in this lawsuit. See Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040, 1044 (La.1985).
Nonetheless, the majority then focuses on the other plaintiffs' knowledge, noting that "the plaintiffs were in possession of information that would have led to the discovery of Sarah Williams and her claim well before it was actually filed" as a basis for finding her claim was prescribed. I respectfully submit that the majority has erred in placing undue reliance upon this fact. Instead, the focus should be whether or not the defendant herein had knowledge of the claim and whether it has suffered any prejudice in preparing or conducting its defense because of the late claim, as set forth in Giroir, which prejudice has not been shown herein.
Further, I disagree with the majority's holding that the claims of Allen and Marionneaux should be dismissed herein on an exception of no right of action. In particular, I *1160 find the majority errs in its determination that "the reduction in hours worked by Janitor I and elimination of the benefits of Janitor 1 did not affect Allen and Marionneaux because their classification as day-by-day substitutes did not entitle them to the guaranteed hours and benefits of the Janitor 1 position." Under the practices in which these plaintiffs allege the School Board had engaged, I find that these parties have a real and actual interest in the suit and should be allowed their day in court.
For these reasons, I respectfully dissent in part.
NOTES
[1] The original plaintiffs are identified as the Baton Rouge Association of School Employees, Local 100 Service Employees International Union, AFL-CIO, through its authorized officer, Larry Roddy, and Bertha Twine, Mary Ridley, Deborah Brooks, Annie Lee Gross, Annie Johnson, Ruby Johnson, Carol Jones, Amy Lane, Dorothy McPipe, Alma Newman, Deborah Richardson, Olivia Smith, and Mary Williams.
[2] Plaintiffs alleged the School Board violated LSA-R.S. 17:422.5A, which prohibited the reduction of the amount of hourly wage or annual salary paid to any school employee below the amount paid to that employee during the previous year. However, on March 21, 1997, the trial court granted the School Board's motion for partial summary judgment finding that School Board had no liability under LSA-R.S. 17:422.6. That judgment is not before this court for review.
[3] The additional plaintiffs added were Jacqueline Anderson, Ella Barrow, Lillie Fisher, Harriet Sparks, Leola Stewart, Daisy Stirgis, Lucille Warmsley, Edna Welch, and Nellie Williams.
[4] The additional plaintiffs added were Donna M. Allen, Betty Armwood, Dorothy Banks, Tina Brooks, Deborah Brooks, Shirley M. Brown, Yvonne Brumette, Jerdene Carey, Sarah Dunbar, Sarah A. Dunn, Natalie Ellis, Annette Gray, Virginia Gray, Mary L. Holmes, Jane R. Kennedy, Rosa L. Malveau, Linda Marrionneaux, Betty Netter, Amelia Richards, Harriet H. Robbins, Helen R. Sensley, Gloria Dean Smith, Maggie Tucker, and Berthella Wallace.
[5] The denial of the remaining plaintiffs' motion for reconsideration of their motion for class certification is an interlocutory judgment. See Carr v. GAF, Inc., 97-2325, pp. 2-3 (La.11/14/97), 702 So.2d 1384, 1385-86. Review of this judgment is properly taken under this court's supervisory jurisdiction; however, in the interest of judicial efficiency, we could convert such an appeal to a writ since the record would already be lodged with this court. However, the lack of an appeal order regarding the denial of reconsideration of class certification prevents this action.