| THIBODEAUX, Judge.
This court, sua sponte, issued a Rule to Show Cause why the above captioned appeal should not be dismissed for having been taken from a judgment which has now been rendered moot. Upon further consideration, we hereby remand this case for further proceedings in accordance with the opinion expressed herein.
The instant litigation was initiated on behalf of a purported class of fishermen who alleged that they had been damaged by pollution of the waters in which they fished. Defendant, PPG Industries, Inc., filed an exception of improper venue in the Thirty-Eighth Judicial District Court proceedings. The trial court denied this exception, and this court denied PPG’s application for supervisory relief from this judgment. However, the Louisiana Supreme Court rendered judgment reversing this court and the district court and maintained the exception of improper venue. The case has been remanded to the district court with orders that the matter be transferred to a court of proper venue.
Despite the ongoing appellate review of the ruling on venue, defendants-appellants, PPG Industries, Inc.; Alvin Raetzch; Tommy G. Brown; W.J. Peard; and |2James E. Wyche, III (hereinafter PPG) filed third party demands against various other parties. Ultimately, the third party defendants successfully argued that PPG had no cause of action against them in this litigation. Thus, the third party defendants obtained a judgment of dismissal with prejudice. PPG filed a motion and order for appeal from this judgment which order the trial court granted.
Upon receipt of the record in this appeal, this court issued sua sponte a rule for the parties to show cause by brief only why this appeal should not be dismissed as moot. The parties have filed numerous briefs arguing their respective positions on this issue.
After this court issued its rule to show cause, PPG filed a pleading entitled Motion for Suspension or, in the Alternative, Dismissal of Appeal Without Prejudice in which PPG asserts that the ruling appealed is not subject to appeal as it is currently worded. Thus, PPG points out that La.Code Civ.P. art. 1915 was amended by 1997 La.Acts 483. Pursuant to amended La.Code Civ.Proc. art. 1915(B), a partial judgment is final only if the parties expressly agree to the finality of the judgment or if the trial court designates the ruling as a final judgment after an express *352 determination that there is no just reason for delay. In the absence of either of these alternatives, Act 483 provides that a partial judgment is not to be considered as final for the purpose of an immediate appeal.
This court finds PPG’s argument persuasive. The judgment appealed does not contain the requisite statement from the trial court that the judgment is final and no express determination that there is no just reason for delay. Appellees contend in opposition to this proposal by PPG that the statements and actions of the parties herein are indicative of an agreement between the parties that this judgment is final and ap-pealable pursuant to the amended 1915’s requirement for such agreement. This court disagrees with appellees’ suggestion since this statute requires that the parties expressly agree that the judgment is final for purposes of seeking an immediate appeal.
However, this court cannot grant PPG’s request to suspend the appeal herein. Once an appeal is perfected, the trial court retains jurisdiction over only limited matters. La.Code Civ.P. art. 2088. Accordingly, were this court only to suspend the appeal, the trial court would be without jurisdiction to alter the subject judgment appealed to state that the judgment is final and that no just reason for delaying the appeal exists. To the contrary, this court finds that the only effective remedy given |8the facts of the instant case is to remand this case for further proceedings in accordance with the law and this court’s opinion. Moreover, this court notes that the Supreme Court’s decision that this case was filed in a court of improper venue having now been rendered must be given effect in this matter. This case is, therefore, hereby remanded to the Thirty-Eighth Judicial District Court for transfer to a court of proper venue as ordered by the Louisiana Supreme Court.*

REMANDED.

 This court also notes that PPG asked that this court dismiss this appeal without prejudice. As annunciated by this court’s opinion herein, the appeal that PPG attempted to perfect in this matter was taken from a non-appealable judgment. Consequently, no prejudice can result from this court’s dismissal of the appeal.