L GREMILLION, Judge.
The plaintiff, Ora Lee Phillips, appeals the trial court’s judgment sustaining the peremptory exception of no cause of action filed by the defendants, Errol Romero and Iberia Parish Sheriff Sidney Hebert (Sheriffs), and dismissing her claim with prejudice. For the following reasons, we dismiss her appeal.
*180 FACTS
Phillips filed a Petition for Child Support & Damages on October 27, 1997, seeking child support for her minor grandson, who was conceived while her daughter was incarcerated in the Iberia Parish Jail. Phillips named as defendants, Errol Romero, the former Iberia Parish Sheriff, Sidney Hebert, the present sheriff, and the Iberia Parish Council, the governing body of the parish. She alleged that the parish employees in charge of the Iberia Parish Jail routinely encouraged and allowed inmates to engage in unprotected sexual intercourse in order to manipulate and [^control them, and for their own entertainment, and that Romero and the Iberia Parish Council either knew or should have known of this conduct, and negligently failed to correct it. Since she could not support her grandchild, Phillips sought support for the child until he reaches eighteen years of age.
The Iberia Parish Council answered denying liability. The Sheriffs filed a motion to dismiss based on Phillips’ failure to request service of the petition within ninety days of filing her lawsuit as required by La.R.S. 13:5107(D), and peremptory exceptions of no right of action, no cause of action, and prescription. Following a hearing, the trial court granted the exception of no cause of action, and dismissed Phillips’ suit with prejudice. A judgment granting the exception was rendered on October 13, 1998. This appeal followed.
DISCUSSION
Without reaching Phillips’ assignment of error, we find that her appeal should be dismissed because it is not a final judgment and does not comply with Article 1915 of the Louisiana Code of Civil Procedure. The Sheriffs have filed a Motion to Dismiss Appeal alleging that the judgment appealed is not a final judgment because it fails to dispose of Phillips’ claims against the Iberia Parish Council, and it is not designated a final judgment by the trial court.
Article 1915(B), as amended by Acts 1997, No. 483 § 2, effective July 1, 1997, provides in pertinent part:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, re-conventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final [¿judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
We agree that this judgment is not subject to an immediate appeal. The judgment rendered by the trial court was a partial judgment pertaining to only two of the three defendants named in Phillips’ petition. The Iberia Parish Council was not affected by the judgment at issue since it is represented by other counsel. There is nothing in the record indicating that the parties specifically agreed that the judgment on the exception constituted a final judgment, or that the trial court designated it a final judgment after expressly determining that there was no just reason for a delay. Boullion v. PPG Indus., Inc., 98-25 (La.App. 3 Cir. 3/23/98); 709 So.2d 350, unit not considered, 98-1261 (La.6/19/98); 719 So.2d 474, writ denied, 98-1102 (La.6/19/98); 720 So.2d 1212. In the absence of compliance with Article *181 1915, we are compelled to dismiss this appeal. The costs of this appeal are assessed to the plaintiff-appellant, Ora Lee Phillips.
APPEAL DISMISSED.