| .DOUCET, Chief Judge.
The Plaintiff, Ora Lee Phillips, appeals the trial court’s dismissal of her claim for child support pursuant to an exception of no cause of action filed by the Defendants.
This court outlined the underlying facts of this case in a previous opinion, as follows:
Phillips filed a Petition for Child Support & Damages on October 27, 1997, seeking child support for her minor grandson, who was conceived while her daughter was incarcerated in the Iberia Parish Jail. Phillips named as defendants, Errol Romero, the former Iberia Parish Sheriff, Sidney Hebert, the present sheriff, and the Iberia Parish Council, the governing body of the parish. She alleged that the parish employees in charge of the Iberia Parish Jail routinely encouraged and allowed inmates to engage in unprotected sexual intercourse in order to manipulate and control them, and for their own entertainment, and that Romero and the Iberia Parish Council either knew or should have known of this conduct, and negligently failed to correct it. Since she could not support her grandchild, Phillips sought support for the child until he reaches eighteen years of age.
The Iberia Parish Council answered denying liability. The Sheriffs filed a motion to dismiss based on Phillips’ failure to request service of the petition within ninety days of filing her lawsuit as required by La.R.S. 13:5107(D), and peremptory exceptions of no right of action, no cause of action, and prescription. Following a hearing, the trial court granted the exception of no cause of action, and dismissed Phillips’ suit with prejudice.
Phillips v. Romero, 99-694, pp. 1-2 (La.App. 3 Cir. 11/3/99); 747 So.2d 179, 180.
Mrs. Phillips appealed that ruling. However, this court dismissed the previous appeal “because it [was] not a final judgment and [did] not comply with Article 1915 of the Louisiana Code of Civil Procedure,” in that “it [failed] to dispose of Phillips’ claims against the Iberia Parish Council.” Id.
Mrs. Phillips cured this defect by voluntarily dismissing her claims against the Iberia Parish Council. Mrs. Phillips has again appealed the trial court’s ruling on the exception of no cause of action. On appeal, she argues that the trial court erred in 1 ¡.finding that she has no cause of action for child support against the Sheriff and former Sheriff.
The exception of no cause of action questions “whether the law extends a remedy to anyone under the factual allegations of the petition.” The purpose of an exception pleading the objection of no cause of action is to determine the sufficiency in law of the petition.
Generally, no evidence may be introduced to support or controvert the exception. However, as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (LaApp. 1st Cir.), writ denied, 604 So.2d 999 (La.1992), the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence which is ad *881 mitted without objection to enlarge the pleadings. Otherwise, the exception is triable on the face of the pleadings, and, for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The court must determine if the law affords plaintiff a remedy under those facts.
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Any doubts are resolved in favor of the sufficiency of the petition.
Sivils v. Mitchell, 96-2528, p. 4 (La.App. 1 Cir. 11/7/97); 704 So.2d 25, 28 (citations omitted).
We do not find, and the Plaintiff does not cite, any authority, statutory or jurisprudential, which would allow a custodial grandmother to bring an action for child support against a person not a parent of the child. Accordingly, we find no error in the trial court’s decision to dismiss the demand pursuant to the Defendants’ exception of no cause of action.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.