## NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**09-377**

**RANDY J. GARY**

**VERSUS**

**MONCLA WELL SERVICES, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 56627
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MICHAEL G. SULLIVAN**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Billy H. Ezell, Judges.

**MOTION TO DISMISS APPEAL DENIED.**

**J. Bryan Jones, III**
**Attorney at Law**
**Post Office Box 8841**
**Lake Charles, Louisiana 70606**
**(337) 598-2638**
**Counsel for Plaintiff/Appellant:**
  **Randy J. Gary**

**David S. Bland**
**David A. Strauss**
**King, LeBlanc & Bland**
**201 St. Charles Avenue, Suite 3800**
**New Orleans, Louisiana  70170**
**(504) 582-3800**
**Counsel for Defendant/Appellee:**
        **Moncla Well Services, Inc.**

**Whit McCrary Cook, II**
**Attorney at Law**
**7910 Wrenwood Blvd., Suite A**
**Baton Rouge, Louisiana  70809**
**(225) 923-3104**
**Counsel for Plaintiff/Appellant:**
        **Randy J. Gary**

**Francis X. Neuner, Jr.**
**Laborde & Neuner**
**Post Office Box 52828**
**Lafayette, Louisiana  70505-2828**
**(337) 237-7000**
**Counsel for Defendant/Appellee:**
        **Schlumberger Well Services**

**L. Lane Roy**
**Preis & Roy**
**Post Office Drawer 94-C**
**Lafayette, Louisiana  70509**
**(337) 237-6062**
**Counsel for Intervenor/Appellee:**
        **Westbay Contracting Corporation**

**Charles M. Jarrell**
**Guglielmo, Lopez & Tuttle**
**Post Office Drawer 1329**
**Opelousas, Louisiana  70571-1329**
**(337) 948-8201**
**Counsel for Defendant/Appellee:**
        **Marshall Petroleum**

**James J. Hautot, Jr.**
**Judice & Adley**
**Post Office Drawer 51769**
**Lafayette, Louisiana  70503**
**(337) 235-2405**
**Counsel for Intervenor/Appellee:**
        **Westbay Contracting Corporation**

**SULLIVAN, Judge.**

The defendant/appellee, Schlumberger Well Services (Schlumberger), moves to dismiss the appeal of the plaintiff/appellant, Randy J. Gary, as untimely filed. Finding that the procedural laws applicable at the time of the rendition of the judgment dismissing the plaintiff's claims against Schlumberger do not support the motion to dismiss, we deny the motion.

The plaintiff filed this action for damages on May 7, 1996, naming several defendants, including Schlumberger. The plaintiff averred that he was injured as a result of an accident which occurred while he was working on May 7, 1995. During the course of this action, the defendant, Moncla Well Service, Inc. (Moncla), filed a pleading entitled "Third-Party Demand" against Westbay Contracting Corporation (Westbay).

Over time, the claims in this suit were dismissed in separate judgments. Pertinent to the situation presented at this time, a judgment was signed on June 7, 2001, dismissing all of the plaintiff's claims against Schlumberger. Later, Schlumberger also moved to dismiss its third-party demand against Marshall Petroleum, which order was signed by the trial court on January 25, 2002.

On August 17, 2006, the plaintiff filed a motion and order to dismiss the third-party demand by Moncla against Westbay, on the ground of abandonment. The plaintiff stated in this motion that this was the last remaining claim by and between the parties to this suit and that dismissal of this third-party claim was necessary in order for him to be able to take an appeal from the earlier ruling dismissing Schlumberger. The trial court signed the judgment dismissing this third-party demand for indemnity, costs, and attorney fees on September 15, 2006. Then, on

October 11, 2006, the plaintiff filed a motion for appeal. The trial court signed the order granting the appeal on that same date.

Schlumberger filed a motion to dismiss this appeal as untimely in the trial court. The plaintiff filed a memorandum in opposition to this motion. The record does not reveal any action by the trial court on this motion. The record in this appeal was lodged in this court on March 27, 2009. Schlumberger filed its motion to dismiss the appeal in this court on April 3, 2009. The plaintiff has filed no response to the motion to dismiss that was filed in this court.

In the trial court, the plaintiff opposed Schlumberger's motion to dismiss, arguing that he could not file an appeal from the judgment dismissing his claims against Schlumberger until all claims against all parties to the action had been finally adjudicated. Thus, he argued that the version of La.Code Civ.P. art. 1915 which is applicable to the partial judgment dismissing his claims against Schlumberger did not authorize an appeal from that partial judgment unless the trial court and/or the parties agreed that the judgment should be immediately appealable. In its motion to dismiss the appeal, Schlumberger contends that regardless of which version of La.Code Civ.P. art. 1915 is applicable herein, the plaintiff's appeal was not timely taken.

Louisiana Code of Civil Procedure Article 1915 was amended by 1999 La. Acts No. 1263, in part, to remove the word "parties" from La.Code Civ.P. art. 1915(B), thereby making clear that no designation of finality need be made when a party to a suit was dismissed in full. However, Section 3 of this same act specified that the revisions made therein were to apply only to actions filed on or after January 1, 2000. Prior to the 1999 amendment, Article 1915 read, in pertinent part, as follows:

A.  A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

(2)  Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3)  Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5)  Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

B.  (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2)  In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal.  Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Schlumberger posits that no designation of finality and appealability was required when the judgment dismissing the plaintiff's claims against it was rendered in 2001.  However, as stated above, the legislature specifically provided that the 1999 amendments to Article 1915 were not to be applied to cases, such as the instant one,

4

which were filed prior to January 1, 2000. While Schlumberger contends that no designation was required even if the wording of Article 1915 prior to the 1999 amendment is applied, this court must disagree. As pointed out by the plaintiff's opposition filed in the trial court, the jurisprudence has held that designations were required if a judgment was rendered dismissing one party in full if not all parties were dismissed. *See Roberts v. Orpheum Corp.*, 98-1941 (La.App. 4 Cir. 2/2/00), 753 So.2d 916 (dismissing an appeal from a judgment which had dismissed only one of several defendants due to the finding that even though Article 1915 had been amended by the legislature prior to entry of the appealed judgment, the court was prohibited from applying the amended statute since the suit had been filed prior to January 1, 2000). *See also Boullion v. PPG Indus., Inc.*, 98-25 (La.App. 3 Cir. 3/23/98), 709 So.2d 350, *writ denied*, 98-1102 (La. 6/19/98), 720 So.2d 1212. Thus, an appeal by the plaintiff prior to the dismissal of all claims by all parties would have been subject to a motion to dismiss the appeal as prematurely taken. In light of the peculiar facts of the instant case and the law applicable to them, we find that Schlumberger's motion to dismiss this appeal must be denied.

**MOTION TO DISMISS APPEAL DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.